1  DOUGLAS J. FARMER, CA Bar No. 139646
   douglas.farmer@ogletree.com
2  CAROLYN B. HALL, CA Bar No. 212311
   carolyn.hall@ogletree.com
3  BRIAN D. BERRY, CA Bar No. 229893
   brian.berry@ogletreedeakins.com
4  JUSTIN C. WHITE, CA Bar No. 281012
   justin.white@ogletree.com
5  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
6  One Market Plaza
   San Francisco, CA  94105
7  Telephone:    415.442.4810
   Facsimile:    415.442.4870
8
   Attorneys for Defendant
9  STARBUCKS CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jeffrey Bellows, Katherine Butler, Cheyenne Chitry, Christina Denton, Jorge Gonzalez, James Hancock, Donnie Hyso, Erik Lorack, Cassandra Sweeney and Michael Whiter, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Starbucks Corporation, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 4:20-cv-1178<br><br>**CLASS ACTION**<br><br>**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446 AND 1453**<br><br>Action Filed:   June 27, 2019<br>Trial Date:     None Set |

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
2  DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF
3  RECORD:**

4      **PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and
5  1453, Defendant Starbucks Corporation ("Defendant") hereby removes the above-entitled action
6  from the Superior Court of the State of California for the County of Alameda to the United States
7  District Court for the Northern District of California, under the Class Action Fairness Act
8  ("CAFA"), on the grounds that: (1) Plaintiffs are citizens of "a State different from" Defendant; (2)
9  "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs;"
10 and (3) "the number of members of all proposed plaintiff classes in the aggregate" is more than
11 100.  The foregoing facts were true when Plaintiffs filed the Complaint, and remain true now.
12     Removal jurisdiction is therefore appropriate under CAFA as alleged in detail below.
13     **PROCEDURAL BACKGROUND AND TIMELINESS OF REMOVAL**

14     1.    On June 27, 2019, Plaintiffs filed an unverified complaint in the Superior Court of
15 the State of California for the County of Alameda, commencing the action entitled *Jeffrey Bellows,*
16 *Katherine Butler, Cheyenne Chitry, Christina Denton, Jorge Gonzalez, James Hancock, Donnie*
17 *Hyso, Erik Lorack, Cassandra Sweeney and Michael Whiter, individually, and on behalf of all*
18 *others similarly situated, Plaintiffs, v. Starbucks Corporation; and Does 1 through 10, inclusive*,
19 Case No. RG19024868 ("Complaint").  The Complaint alleges two causes of action: (1) Violation
20 of California Labor Code § 2802 (Unreimbursed Business Expenses); and (2) Violation of
21 California Labor Code §§ 17200, *et seq*. (Unlawful and Unfair Business Practices).
22     2.    On July 3, 2019, the Superior Court set a Complex Determination Hearing for
23 August 7, 2019 at 9:00 a.m. in Department 21.  A copy of the Superior Court's August 7, 2019
24 Order designating the case as complex is attached as <u>Exhibit A</u> to this Notice of Removal.
25     3.    Plaintiff served the Complaint on Defendant Starbucks Corporation via its registered
26 agent for service of process.[1]  A true and correct copy of the Summons and Complaint is attached
27
28 ---
[1] Plaintiffs did not serve the Summons, the Civil Cover Sheet or the Notice of Case Management Conference on Defendant.

1 to this Notice as Exhibit B.

2     4. On August 14, 2019, Defendant timely filed an answer to Plaintiffs' Complaint.

3     5. On October 17, 2019, Plaintiffs filed a First Amended Complaint ("FAC") in the
4 Superior Court of the State of California for the County of Alameda. A true and correct copy of
5 the FAC and proof of service is attached as Exhibit C to this Notice of Removal. The Complaint
6 alleges three causes of action: (1) Violation of California Labor Code § 2802 (Unreimbursed
7 Business Expenses); (2) Violation of California Labor Code §§ 17200, *et seq*. (Unlawful and
8 Unfair Business Practices); and (3) Penalties (Labor Code § 2699). In addition to the named
9 Plaintiffs identified in the Complaint, the FAC included two additional named Plaintiffs: (1)
10 Elizabeth Anderson; and (2) Jacqueline Foster.

11     6. On October 22, 2019, Defendant propounded Special Interrogatories, Form
12 Interrogatories-Employment, and Requests for Admission and Requests for Production, Set One on
13 Plaintiffs Jeffrey Bellows, Katherine Butler, Cheyenne Chitry, Christina Denton, Jorge Gonzalez,
14 James Hancock, Donnie Hyso, Erik Lorack, Cassandra Sweeney and Michael Whiter.

15     7. On November 25, 2020, Defendant timely filed an answer to Plaintiffs' FAC. A
16 true and correct copy of the Answer to the FAC is attached to this Notice as Exhibit D.

17     8. On February 5, 2020, Plaintiffs Jeffrey Bellows, Katherine Butler, Cheyenne Chitry,
18 Christina Denton, Jorge Gonzalez, Donnie Hyso, Cassandra Sweeney and Michael Whiter served
19 Objections and Responses to Defendant's Special Interrogatories, Form Interrogatories-
20 Employment, and Requests for Admission and Requests for Production, Set One.

21     9. In response to Special Interrogatory no. 21, Plaintiff Donnie Hyso stated in part that,
22 "When Plaintiff was employed as a Store Manager, Plaintiff had unlimited talk, data, and text
23 plans, which cost $80.00 per month to Plaintiff's recollection." A true and correct copy of Plaintiff
24 Donnie Hyso's Responses to Special Interrogatories, Set One is attached to the Declaration of
25 Carolyn B. Hall ("Hall Decl.").

26     10. On February 6, 2020, Plaintiff James Hancock served his response to Defendant's
27 Special Interrogatories, Set One. In response to Special Interrogatory no. 21, Plaintiff James
28 Hancock stated in part that, "Plaintiff had an unlimited talk. Text and data plan for $50 per month."

A true and correct copy of Plaintiff James Hancock's Responses to Special Interrogatories, Set One is attached to the Hall Decl.[2]

11. Defendant's Notice of Removal is timely because it is filed within thirty (30) days of receipt of Plaintiffs Donnie Hyso's responses to Special Interrogatories, Set One which constitutes a "paper from which it may be first ascertained that a the case is one which is or has become removable."  28 U.S.C. § 1446(b).

12. If the case stated by the initial pleading is not removable, a defendant in a civil action may file a notice of removal within 30 days after receipt by the defendant of a paper from which it may first be ascertained that the case is one which is removable. 28 U.S.C. § 1446(b) (3); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (1999).  As Defendant was served with discovery responses from which it could first ascertain that this case is one which is removable on February 5, 2020, this Notice of Removal is timely.

### PLAINTIFFS' COMPLAINT IS REMOVABLE PURSUANT TO CAFA

13. The Court has original jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d). Under CAFA, federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5 million. *Id*.  As discussed more fully below, because all such requirements are satisfied here, this action may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

### The Number of Putative Class Members is Satisfied

14. Plaintiffs purport to bring this action on behalf of "(a)ll persons who are or have been employed, at any time ['from the date four years prior to the filing of this Complaint through the date the Court grants class certification'] by Starbucks in California under the job title Store Manager."  (FAC, ¶ 27.)

15. Plaintiffs allege that "Defendant has employed hundreds of Store Managers in California" during the alleged class period.  (FAC, ¶ 28(a).)

---

[2] To date, Plaintiffs Donnie Hyso and James Hancock are the only Plaintiffs who have identified the costs of their personal mobile device plans.

16. As of the date of removal, there are at least 4,168 individuals who fall within Plaintiffs' proposed class definition.

17. There are more than 100 class members implicated in Plaintiffs' Complaint. Therefore, the CAFA numerosity requirement is fulfilled. 28 U.S.C. § 1332(d).

**The Diversity of Citizenship Requirement is Satisfied**

18. The minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this action because the Court need only find that there is diversity between one putative class member and one defendant. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5), 1452(a). Plaintiff Jeffrey Bellows, a putative class member, is a citizen of the State of California. (FAC, ¶ 8.)[3] Members of the putative class, who are or were employed in California, are presumed to be primarily citizens of the State of California. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

19. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." A corporation's headquarters is presumptively the location of its "principal place of business . . ." *Hertz v. Friend*, 559 U.S. 77, 78 (2010) ("[I]n practice [a company's principal place of business] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination, i.e., the 'nerve center' . . ."); *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990) (providing that where a corporation does business in a number of states and does not conduct the substantial predominance of its business in any single one, the state where corporate headquarters is located is the corporation's principal place of business).

20. Defendant Starbucks Corporation is a corporation formed and organized in the state of Washington. Starbucks Corporation's headquarters—which is its principal place of business and

---

[3] Named Plaintiffs and putative class members Elizabeth Anderson, Katherine Butler, Cheyenne Chitry, Christina Denton, Jacqueline Foster, Jorge Gonzalez, Donnie Hyso, Erik Lorack, Cassandra Sweeney and Michael Whiter are citizens of California (FAC, ¶¶ 7-13, 15-18.) Named Plaintiff James Hancock, a putative class member, is a citizen of Nebraska. (FAC, ¶ 14.)

the center of its executive and administrative functions—is in Seattle, Washington. Consequently, Defendant Starbucks Corporation is a citizen of Washington for diversity purposes.

21. The citizenship of "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

**The Requisite $5 Million Amount in Controversy is Satisfied**

22. To establish the propriety of removal under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court must file a notice of removal "containing a short and plain statement of the grounds for removal." As the Supreme Court recently held, Starbucks Corporation's "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (the "short and plain" statement of the grounds for removal "need not contain evidentiary submissions" as long as the allegation is "made in good faith").

23. The Class Action Fairness Act, 28 U.S.C. § 1332(d) authorizes the removal of class action cases in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million. Plaintiffs' Complaint is silent as to the total amount of monetary relief sought. However, the failure of the operative complaint to specify the total amount of monetary relief sought by Plaintiffs does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (observing that defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim."). Defendants need only establish by a preponderance of the evidence that Plaintiff's claim exceeds the jurisdictional minimum. *See Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 977 (9th Cir. 2013) (citing *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013)); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (in CAFA removal actions,

1  where the amount in controversy is unclear from the face of the complaint, defendant must produce
2  underlying facts showing it is more likely than not that the amount in controversy exceeds $5
3  million).

4      24.    While Defendant denies the validity of Plaintiffs' claims and requests for relief
5  thereon, the facial allegations in Plaintiffs' Complaint and their claimed damages are in excess of
6  the jurisdictional minimum.  *See Rodriguez*, 728 F.3d at 977 (citing *Standard Fire Ins. Co. v.*
7  *Knowles*, 133 S. Ct. 1345 (2013)); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999)
8  (finding that facts presented in notice of removal, combined with plaintiff's allegations, sufficient
9  to support finding of jurisdiction); *DeAguillar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995)
10 (stating that "defendant can show by a preponderance of the evidence that the amount in
11 controversy is greater than the jurisdictional amount"); accord *Gaus v. Miles, Inc.,* 980 F.2d 564,
12 566-67 (9th Cir. 1992); *White v. FCI USA, Inc*., 319 F.3d 672, 674 (5th Cir.2003) (facially apparent
13 from the lengthy list of damages, combined with a claim for attorney's fees, that plaintiff's claim
14 exceeded the jurisdictional threshold).

15     25.    In determining the amount in controversy for CAFA purposes, all potential damages
16 based on the claims in the complaint, as well as attorney's fees, are included.  *See Guglielmino*,
17 506 F.3d at 701 (unspecified attorney's fees are appropriately counted toward the amount in
18 controversy in CAFA removal actions); *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325
19 FCD EFB, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007) ("In measuring the amount in
20 controversy, a court must assume that the allegations of the complaint are true and that a jury will
21 return a verdict for the plaintiffs on all claims made in the complaint.").  As set forth and described
22 in more detail below, the amount in controversy is at least $5,905,100, which satisfies CAFA's
23 jurisdictional prerequisite.

24     26.    This lawsuit arises from Plaintiffs' employment at Starbucks.  Plaintiffs' FAC
25 asserts causes of action against Starbucks for alleged violations of California Labor Code § 2802,
26 California Business and Professions Code § 17200 and Penalties (Labor Code § 2699) (FAC,
27 generally.)  Plaintiffs seek damages for unreimbursed business expenditures, "for such items as the
28 cost of personal cell phones and the concomitant data/text plans" (FAC, ¶ 28(b)(i)), and attorneys'

1 fees, on behalf of themselves and the putative class members for the alleged violations of the
2 foregoing statutes.  (FAC, Prayer for Relief.)  Plaintiffs seek certification of a class that would
3 include "[a]ll persons who are or have been employed during the [four-year] Class Period by
4 Starbucks in California under the job title Store Managers."  (FAC, ¶ 27.)  Plaintiffs allege that
5 Starbucks "fails and refuses to reimburse Store Managers for [personal cell phone and data/text
6 plan] business expenses incurred by them in their work as they managed Defendant's location."
7 (FAC, ¶ 25.)  Plaintiffs further allege that "Store Managers regularly incur business expenses in the
8 discharge of their duties as employees." (FAC, *id*.)  Plaintiffs further allege that Starbucks requires
9 Plaintiffs and putative class members to use "their personal cell phones and data plans to use
10 Starbucks' GroupMe App to communicate with other Starbucks employees, use the Workplace
11 App to receive company news and announcements, place and/or receive calls or texts from
12 Starbucks employees working in the store location, place and/or receive calls or texts from
13 Starbucks employees not working at the store location regarding issues such as scheduling and
14 staffing, place and/or receive calls or texts from supervisorial Starbucks employees, participate in
15 conference calls, and post on Starbucks; social media accounts."  (FAC, ¶ 23.)  Plaintiffs allege that
16 "[s]ince at least four years prior to the filing of this action, Defendant has maintained expense
17 policies and/or practices that deny lawful reimbursement and/or compensation to its Store
18 Managers." (*Id*.)  Plaintiffs allege that every putative class member is owed "reimbursement for
19 [use of their personal cell phones and data/text plans], plus interest and attorneys' fees and costs
20 under Labor Code § 2802(c)."  (FAC, ¶ 32.)
21       27. Defendant denies that any such reimbursements are owed to Plaintiffs or putative
22 class members.  But for purposes of this jurisdictional analysis *only*, Defendant relies on Plaintiffs'
23 allegation that the reimbursements are owed.  *See Ibarra v. Manheim Invs., Inc*., 775 F.3d 1193,
24 1197 (9th Cir. 2015) ("In determining the amount in controversy, courts first look to the
25 complaint."); *Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 399 (9th Cir. 2010) ("in determining
26 the amount [in controversy], we first look to the complaint."); *Heejin Lim v. Helio, LLC*, No. CV
27 11-9183 PSG, 2012 WL 359304, at *2 (C.D. Cal. Feb. 2, 2012) ("The ultimate inquiry is,
28 therefore, what amount is put 'in controversy' by the plaintiff's complaint or other papers, not what

the defendant will actually owe for the actual number of violations that occurred, if any.") (citations and quotations omitted).

28. California Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequences of the discharge of his or her duties, or of his or her obedience to the directions of the employer." Cal. Lab. Code § 2802(a). For this provision, "the term 'necessary expenditures or losses' shall include all reasonable costs, including, but limited to attorney's fees incurred by the employee enforcing the rights granted by this section." *Id*. § 2802(c).

29. Since June 27, 2015 through the present, at least 4,168 Starbucks employees in California have the job title of Store Manager, i.e., would be members of the putative class. A total of 118,102 aggregate months were worked by these Store Managers, i.e., members of the putative class.

30. As Plaintiffs allege that they and putative class members "regularly" used their personal cell phones and data/text plans "in direct consequence of discharging their managerial duties on behalf of Defendant" (FAC, ¶¶ 23, 25), and that Defendant "fails and refuses to reimburse Store Managers [and putative class members] for such business expenses incurred by them in their work as they managed Defendant's locations" (FAC, ¶ 25), it is reasonable to assume for purposes of calculating the amount in controversy that the putative class members incurred a reimbursable expense every month worked in the class period.[4] *See, e.g., LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (reversing the district court's decision to remand where defendants estimated damages based on the assumption that every putative class member was owed reimbursement); *Unutoa v. Interstate Hotels & Resorts, Inc.*, No. 2:13-cv-09809-SVW-PJ, 2015 WL 898512, at *3 (C.D., Cal. Mar. 3, 2015) (denying plaintiff's motion to remand where defendants' "calculation of the amount in controversy relie[d] on assumed rates of violation" and the "rates are sufficiently supported by [plaintiff's] allegations and Defendants' evidence"); *Mejia*

---

[4] To the extent Plaintiffs contest the rate of violations, Plaintiffs cannot artificially limit the amount in controversy or disavow collection of part of the damages on behalf of absent putative class members. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2012).

*v. DHL Express (USA), Inc.*, No. CV 15-890-GHL JCX, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) approving of an assumed 100% violation rate where plaintiff alleged defendant maintained uniform policies and practices and procedures).

31. The assumption that putative class members incur a reimbursable expense every month is also reasonable because the Named Plaintiffs themselves claim to have incurred reimbursable expenses throughout their employment and have also alleged that their claims are typical of the proposed class. (FAC, ¶¶ 7-18, 28(c).)

32. If, as Plaintiffs allege, such use of their personal cell phones constitutes a necessary expenditure or loss under California Labor Code section 2802, all Store Managers within the relevant time period incurred such necessary expenditures, the amount in controversy with respect to this claim would be greater than $5million, calculated as shown in the chart below.[5]

| **Amount of Reimbursement Claims in Controversy** | |
| --- | --- |
| Aggregate Number of Months Worked by Putative Class Members | 118,102 |
| Cost of personal cell phone | $50.00/month |
| Minimum amount in controversy for Defendant ($50.00 average monthly reimbursement x 118,102 months | **$5,905,100** |

**Plaintiffs' Request for Attorneys' Fees Places an Additional $XX Million in Controversy**

33. In addition to the foregoing, Plaintiffs seek "that Plaintiffs and the Class be awarded reasonable attorneys' fees and costs pursuant to Labor Code § 2802 and Code of Civil Procedure § 1021.5, and/or other applicable law." (Prayer for Relief, ¶ 7.) A realistic estimate of Plaintiffs' attorneys' fees is 25% of the total recovery. *See Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *4 n.8 (noting that "in California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be in the realm of 25% to 30% of the settlement . . . ."). Because the amount in controversy just for Plaintiffs' claim

---

[5] Defendant reserves the right to "challenge the actual amount of damages in subsequent proceedings and at trial." *Ibarra*, 775 F.3d at 1198 n.1.

for unpaid business expense reimbursement (which represents only a portion of all of Plaintiffs' possible claimed recovery for which attorneys' fees are available) is approximately $5,905,100, as detailed above. Plaintiffs' attorneys' fees for unreimbursed business expenses must be estimated as approximately $1,476,275, which is the aggregate of 25% of the amount in controversy for that claim alone.

34. As noted in a recent Ninth Circuit opinion, "when a statute or contract provides for the recovery of attorney fees, prospective attorney fees must be included in the assessment of the amount in controversy." *Arias v. Residence Inn by Marriott*, 936 F.3d at 922 (citing *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 889 F.3d 785, 794 (9th Cir. 2018); *Bell v. Preferred Life*, 320 U.S. 238 (1943); *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 at 701 (holding that attorneys' fees must be included in determining the amount in controversy in CAFA removal actions); *Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706 at *2 (finding that, even if a more conservative estimate of compensatory damages totaling less than $5 million was appropriate, the addition of attorneys' fees should be included in determining the amount in controversy).

35. Plaintiffs' allegations regarding business expenditures for an alleged violation of California Labor Code section 2802 places at least $5,905,100 million in controversy. Plaintiffs' request for attorneys' fees places an additional $1,476,275 million in controversy. In total, Plaintiffs' cause of action under section 2802, including attorneys' fees, places at least **$7,381,375** in controversy, which satisfies CAFA's jurisdictional prerequisite. Although Starbucks specifically denies Plaintiffs' claims and further denies that Plaintiffs will recover the relief they seek, it is clear from the scope of the relief sought that the amount in controversy arising from the relief Plaintiffs seek exceeds the $5,000,000 jurisdictional threshold of 28 U.S.C. § 1332(d).

### CAFA Exceptions Are Not Applicable

36. Further, while 28 U.S.C. §§ 1332(d)(3) & (4) recognizes situations where this Court may or must decline jurisdiction despite the fact that the minimal diversity and the amount in controversy requirements of § 1332(d)(2) are satisfied, none of those requirements are met here.

See 28 U.S.C. §§ 1331(d)(3) & (4).

## SATISFACTION OF PROCEDURAL REQUIREMENTS

37. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District in which the action is pending. The Alameda County Superior Court is located within the Northern District of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

38. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as Exhibits to this Notice.

39. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Alameda. Notice of Compliance shall be filed promptly afterwards with this Court.

40. In the event this Court has a question regarding the propriety of this Notice of Removal, Starbucks respectfully requests that the Court issue an Order to Show Cause so that Starbucks may have an opportunity to supplement a more detailed brief outlining the basis for this removal.

WHEREFORE, Defendant removes the above-captioned action to the United States District Court for the Northern District of California.

DATED: February 14, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:   */s/ Carolyn B. Hall*
      DOUGLAS J. FARMER
      CAROLYN B. HALL
      BRIAN D. BERRY
      JUSTIN C. WHITE

Attorneys for Defendant
STARBUCKS CORPORATION

41831150.1