# EXHIBIT 1

EDWARD J. WYNNE, SBN 165819
ewynne@wynnelawfirm.com
GEORGE R. NEMIROFF, SBN 262058
gnemiroff@wynnelawfirm.com
WYNNE LAW FIRM
80 E. Sir Francis Drake Blvd., Suite 3G
Wood Island
Larkspur, CA 94939
Telephone: (415) 461-6400
Facsimile: (415) 461-3900

GREGG I. SHAVITZ (*pro hac vice*)
gshavitz@shavitzlaw.com
CAMAR JONES (*pro hac vice*)
cjones@shavitzlaw.com
ALAN L. QUILES (*pro hac vice*)
aquailes@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Ste. 285
Boca Raton, FL 33431
Telephone    (561) 447-8888
Facsimile    (561) 447-8831

*Attorneys for Plaintiffs and the putative class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA
~~IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA~~

~~FOR THE COUNTY OF ALAMEDA~~

| | |
|---|---|
| Luke Adelman, Elizabeth Anderson, Ellesse Anderson, Jeffrey Bellows, Sherri Bradley, Amanda Brekke, Katherine Butler, Cheyenne Chitry, Christina Denton, Jacqueline Foster, Omar Garland, Jorge Gonzalez, James Hancock, Donnie Hyso, Erik Lorack, Casey McKay, Hannah Rothschild, Jordone Shane-Sanchez, Kevin Steinbeck, Cassandra Sweeney and Michael Whiter, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs, | Case No. 3:20-cv-01178-JD ~~RG19024868~~<br><br>**CLASS ACTION**<br><br>**SECOND~~FIRST~~ AMENDED COMPLAINT FOR:**<br><br>**(1) FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802);**<br>**(2) FAILURE TO COMPENSATE FOR ALL HOURS WORKED (LABOR CODE §§ 200, 204, 1194, AND 1198)** |

- 1 -
SECOND~~FIRST~~ AMENDED COMPLAINT

v.

Starbucks Corporation and DOES 1 through 10, inclusive,

Defendant.

**(3) FAILURE TO PAY MINIMUM WAGE (LABOR CODE §§ 1182.11, 1182.12, 1194, 1194.2, 1197)**
**(4) FAILURE TO PAY OVERTIME WAGES (LABOR CODE §§ 200, 510, 1194)**
**(5) FAILURE TO PROVIDE MEAL BREAKS (LABOR CODE § 226.7, 512, IWC WAGE ORDER 5-2001, § 11)**
**(6) FAILURE TO PROVIDE REST BREAKS (LABOR CODE §§ 226.7, IWC WAGE ORDER 5-2001, § 12)**
**(7) FAILURE TO PROVIDE ACCURATE, TIMELY, AND ITEMIZED WAGE STATEMENTS (LABOR CODE §§ 226, 1174, 1174.5)**
**(8) WAITING TIME PENALTIES (LABOR CODE §§ 201-203)**
**(92) UCL VIOLATIONS (BUS. & PROF. CODE § 17200-04)**
**(103) PENALTIES (LABOR CODE § 2699)**

**JURY TRIAL DEMANDED**

> Formatted: Line spacing:  single

> Formatted: Line spacing:  single

Plaintiffs Luke Adelman, Elizabeth Anderson, Ellesse Anderson, Jeffrey Bellows, Sherri Bradley, Amanda Brekke, Katherine Butler, Cheyenne Chitry, Christina Denton, Jacqueline Foster, Omar Garland, Jorge Gonzalez, James Hancock, Donnie Hyso, Erik Lorack, Casey McKay, Hannah Rothschild, Jordone Shane-Sanchez, Kevin Steinbeck, Cassandra Sweeney and Michael Whiter ("Plaintiffs"), on behalf of themselves and all others similarly situated (hereinafter "Class Members"), complain and allege as follows:

### A. INTRODUCTION

1.    1.    This is a class action, under Federal Rule of Civil Procedure 23California Code of Civil Procedure § 382, against Defendant Starbucks Corporation ("Starbucks" or "Defendant") to challenge its policies and/or practices of (1) failing to reimburse Plaintiffs and all employees similarly situated for unreimbursed business expenses; (2) failing to compensate

- 2 -

Plaintiffs and all employees similarly situated for all hours worked; (3) failing to pay Plaintiffs and all employees similarly situated minimum wage as required by California law; (4) failing to pay Plaintiffs and all employees similarly situated overtime wages; (5) filing to provide Plaintiffs and all employees similarly situated meal breaks; (6) filing to provide Plaintiffs and all employees similarly situated rest breaks; (7) failing to provide Plaintiffs and all employees similarly situated accurate, itemized wage statements; and (8) failing to timely pay Plaintiffs and all employees similarly situated wages owed upon the termination of employment.

2.     Plaintiffs seek reimbursement for business expenses, unpaid wages, and interest thereon, penalties, declaratory and equitable relief, and reasonable attorneys' fees and costs under California Labor Code § 2802; California Labor Code § 200, 204, 1194, and 1198; California Labor Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197; California Labor Code §§ 200, 510, 1194; California Labor Code §§ 226.7, 512, and IWC Wage Order 5-2001, § 11; California Labor Code § 226.7 and IWC Wage Order 5-2001, § 12; California Labor Code §§ 226, 1174, 1174.5; California Labor Code §§ 201-203; California Bus. & Prof. Code § 17200 *et seq.*; and California Labor Code §§ 2698 *et seq.* on behalf of Plaintiffs and all other individuals who are or have been employed as either Store Managers or Assistant Store Managers and paid an hourly wage (collectively "Managers") by Defendant in California during the four years prior to the filing of this action.  As more fully described herein, Plaintiffs and similarly situated Managers employed by Defendant during the Class Period as defined below (hereinafter "Class Members") paid out-of-pocket business expenses reasonably necessary for the performance of their jobs as Managers for Defendant for which Plaintiffs and Class Members have not received reimbursement from Defendant, worked off-the-clock without compensation and did not receive meal and rest breaks pursuant to Defendant's policies and/or practices.  Plaintiffs, on behalf of themselves and Class Members, seek damages and restitution of all unjust enrichment Defendant has enjoyed from its failure to reimburse business expenses incurred by Plaintiffs and Class Members and failure to pay for all hours worked.

seeking reimbursement for business expenses, and interest thereon; declaratory relief;

Formatted: Font: Not Bold

Formatted: Font: Not Bold

1   ~~equitable relief, and reasonable attorneys' fees and costs, under California Labor Code § 2802,~~

2   ~~Code of Civil Procedure § 1021.5, and Business and Professions Code § 17200, et seq., on behalf~~

3   ~~of Plaintiffs and all other individuals who are or have been employed as Store Managers by~~

4   ~~Defendant Starbucks Corporation (hereafter "Starbucks" or "Defendant"), in California during the~~

5   ~~four years prior to the filing of this action. Plaintiffs and similarly situated Store Managers~~

6   ~~employed by Defendant during the Class Period as defined below (hereinafter "Class Members")~~

7   ~~are managers who paid out-of-pocket business expenses reasonably necessary for the performance~~

8   ~~of their jobs as Store Managers employed by Defendant, for which Plaintiffs and Class Members~~

9   ~~have not received reimbursement from Defendant. Plaintiffs, on behalf of themselves and Class~~

10  ~~Members, seek damages and restitution of all unjust enrichment Defendant has enjoyed from its~~

11  ~~failure to reimburse business expenses incurred by Plaintiffs and Class Members.~~

12      3~~2~~.      The "Class Period" is designated as the period from <u>June 27, 2015</u> ~~the date four~~

13  ~~years prior to the filing of this Complaint~~ through the date the Court grants class certification. The

14  violations of California's employee expense reimbursement law <u>and wage payment laws</u>, as

15  described more fully below, have been ongoing <u>during the statutory time period covered by this</u>

16  <u>action and</u> ~~for at least the past four years, are continuing at~~<u>to the</u> present, and will continue unless

17  and until enjoined by the Court.

18      4~~3~~.      Plaintiffs and Class Members were ~~Store~~ Managers who managed and were

19  responsible for Starbucks locations in California. Regardless of whether they were <u>scheduled to be</u>

20  working or not, ~~Store~~ Managers addressed issues that occurred inside the Starbucks locations as

21  they arose or were related to the general operations of the Starbucks location. Defendant expected

22  and required ~~Store~~ Managers to address issues that occurred inside Starbucks locations as they

23  arose or were related to the Starbucks location's general operations. In meeting these expectations,

24  ~~Store~~ Managers regularly used their personal cellular telephone and data/text plans to: respond to

25  and send work emails, use the Starbuck's GroupMe group chat application ("GroupMe App") to

26  communicate with other Starbucks employees, use the Workplace application ("Workplace App")

27  to receive company news and announcements, place and/or receive calls or texts from Starbucks

28

- 4 -
<u>SECOND</u>~~FIRST~~ AMENDED COMPLAINT

1    employees working in the store location, place and/or receive calls or texts from Starbucks
2    employees not working at the store location regarding issues such as scheduling and staffing, place
3    and/or receive calls or texts with supervisorial Starbucks employees, participate in conference calls,
4    and post on Starbucks' social media accounts. Plaintiffs and similarly situated ~~Store~~ Managers
5    were expected by Defendant to pay for their own personal cell phone and a data/text plan that they
6    then used in the discharge of their duties as employees of Defendant. Defendant has willfully failed
7    to reimburse Plaintiffs and other present and former ~~Store~~ Managers for these business expenses
8    that were incurred in the regular course of their duties as Defendant's employees, as required by
9    California law ~~Labor Code § 2802~~.  As a result of having to use their personal mobile devices at all
10   times and regardless of whether they were scheduled to work or not, Plaintiffs and other similarly
11   situated Managers worked off-the-clock without compensation and were not authorized and
12   permitted to take meal and rest breaks as required by California law.

### B. JURISDICTION

15   54.   Pursuant to Defendant's notice of removal and the Court's denial of Plaintiffs'
16   motion to remand, T~~t~~his Court has jurisdiction over the claims alleged herein pursuant to 28 U.S.C.
17   §§ 1332(d), 1441, 1446, and 1453 as the Plaintiffs are citizens of a State different than Defendant,
18   the matter in controversy exceeds $5,000,000 exclusive of interest and costs, and the number of
19   class members exceeds 100. ~~for reimbursement of business expenses under Labor Code § 2802.~~
20   ~~5.    This Court has jurisdiction over the claims for injunctive relief and restitution of~~
21   ~~gains arising from Defendant's unlawful business practices, under California's Unfair Competition~~
22   ~~Law ("UCL"), Business & Professions Code §§ 17203 and 17204.~~

### C. VENUE

25   6.    Venue as to Defendant is proper in this judicial district~~Alameda County, pursuant to~~
26   ~~Code of Civil Procedure §§ 395, 395.5~~.  Starbucks is a foreign corporation that has not designated a
27   principal business office in California according to its latest Statement of Information (Foreign

Corporation) on file with the California Secretary of State.  Defendant maintains locations, facilities and offices from which Defendant transacts business in a variety of locations, including within this judicial district in Alameda County, and Defendant is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and within this judicial district Alameda County.  Defendant has employed Class Members in this judicial district Alameda County, who have also incurred unreimbursed business expenses and not been paid for all hours worked while conducting Defendant's business in this judicial district Alameda County in the State of California during the Class Period.

**D.  PARTIES**

7.     Plaintiff Luke Adelman resides in North Pole, Alaska. Plaintiff was employed by Defendant from approximately April 2012 to August 2019. During the Class Period, he worked as an Assistant Store Manager and Store Manager for Defendant in the Livermore, California. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

8.     Plaintiff Elizabeth Anderson resides in Sacramento, California. Plaintiff was employed by Defendant from approximately November 2016 to June 2018. During the Class Period, she worked as a Store Manager for Defendant in the Auburn, California area. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

98.     Plaintiff Ellesse Anderson resides in Los Angeles, California. Plaintiff was employed by Defendant from approximately November 2016 to March 2017. During the Class Period, she worked as an Assistant Store Manager and Store Manager for Defendant in Carson, California. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

10.     Plaintiff Jeffrey Bellows resides in Hacienda Heights, California.  Plaintiff was

- 6 -
SECONDFIRST AMENDED COMPLAINT

employed by Defendant from approximately November 2016 to April 2018. During the Class Period, he worked as a Store Manager for Defendant in Buena Park/Anaheim area. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

11.     Plaintiff Sherri Bradley resides in Reseda, California.  Plaintiff was employed by Defendant from approximately June 2015 to June 2018 as both an Assistant Store Manager and Store Manager in Burbank and Los Angeles, California. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

12.     Plaintiff Amanda Brekke resides in Santa Rosa, California.  Plaintiff was employed by Defendant from approximately November 2016 to February 2019 as both an Assistant Store Manager and Store Manager in Santa Rosa and Novato, California. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

13<del>9</del>.     Plaintiff Katherine Butler resides in Concord, California.  Plaintiff was employed by Defendant from approximately April 2015 to May 2016. During the Class Period, she worked as a Store Manager for Defendant in San Francisco, California. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

14<del>0</del>.     Plaintiff Cheyenne Chitry resides in Rialto, California. Plaintiff was employed by Defendant from approximately February 2011 to February 2017. During the Class Period, she worked as a Store Manager for Defendant in Chino, Ontario and Rancho Cucamonga, California. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

15<del>1</del>.     Plaintiff Christina Denton resides in Roseville, California.  Plaintiff was employed by Defendant from approximately August 2014 to January 2017. During the Class Period, she worked as a Store Manager for Defendant in Rocklin, California. During this time, Plaintiff was

- 7 -

subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

16~~2~~.    Plaintiff Jacqueline Foster resides in Fresno, California. Plaintiff was employed by Defendant from approximately August 2005 to November 2018. During the Class Period, she worked as a Store Manager for Defendant in Clovis, California. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

17~~3~~.    Plaintiff Omar Garland resides in Manhattan Beach, California.  Plaintiff was employed by Defendant from approximately September 2018 to April 2019 as a Store Manager for Defendant in Los Angeles, California. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

18.    Plaintiff Jorge Gonzalez resides in San Bernardino, California.  Plaintiff was employed by Defendant from approximately May 2008 to April 2018. During the Class Period, he worked as a Store Manager for Defendant in San Bernardino, California. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

19~~4~~.    Plaintiff James Hancock resides in Omaha, Nebraska. Plaintiff was employed by Defendant from approximately October 2016 to October 2017. During the Class Period, he worked as a Store Manager for Defendant in Bakersfield, California. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

20~~15~~.    Plaintiff Donnie Hyso resides in San Diego, California. Plaintiff was employed by Defendant from approximately June 2013 to September 2017. During the Class Period, he worked as a Store Manager for Defendant in San Diego, California. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

- 8 -

21_16.   Plaintiff Erik Lorack resides in Glendale, California.  Plaintiff was employed by Defendant from approximately March 2015 to March 2018. During the Class Period, he worked as a Store Manager for Defendant in Arcadia, California. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

22.     Plaintiff Casey McKay resides in Santa Clarita, California. Plaintiff McKay was employed by Defendant from approximately 2015 to August 2020. During the Class Period, he worked as an Assistant Store Manager and Store Manager for Defendant in Burbank and Santa Clarita, California. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

23.     Plaintiff Hannah Rothschild resides in Pittsburg, California. Plaintiff Rothschild was employed by Defendant from approximately 2009 to July 2020. During the Class Period, she worked as an Assistant Store Manager and Store Manager for Defendant in Pittsburg and Antioch, California. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

24.     Plaintiff Jordone Shane-Sanchez resides in Berkeley, California.  Plaintiff was employed by Defendant from approximately 2016 to December 2018. During this period, he worked as an Assistant Manager and Store Manager for Defendant in San Bruno, San Francisco, and Daly City, California. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

25_17.   Plaintiff Kevin Steinbeck resides in Los Angeles, California. Plaintiff Steinbeck was employed by Defendant from approximately 2016 to March 2020. During the Class Period, he worked as an Assistant Store Manager and Store Manager for Defendant in Los Angeles, California. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

26.     Plaintiff Cassandra Sweeney resides in Tehachapi, California. Plaintiff was employed by Defendant from approximately January 2009 to December 2018. During the Class

- 9 -

Period, she worked as a Store Manager for Defendant in Tehachapi, California. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

27~~18~~.   Plaintiff Michael Whitmer resides in Oakland, California. Plaintiff was employed by Defendant from approximately March 2013 to December 2018. During the Class Period, he worked as a Store Manager for Defendant in San Francisco, California. During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement and unlawful wage payment policies and/or practices set forth herein.

28~~19~~.   Defendant Starbucks Corporation is a Washington Corporation with its principal place of business in Seattle, Washington.

29~~0~~.    The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, ~~sued herein as DOES 1 through 10, inclusive,~~ are currently unknown to Plaintiffs, ~~who therefore sue Defendant by such fictitious names under Code of Civil Procedure § 474~~.  Plaintiffs are informed and believe, and based thereon allege, that additional defendants ~~each of the Defendants designated herein as a DOE is~~ may be legally responsible in some manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of such ~~D~~defendants ~~designated hereinafter as DOES~~ when such identities become known.  ~~Hereinafter Defendant and the DOE Defendants shall be referred to collectively as "Defendant."~~

30~~21~~.   All of Plaintiffs' claims stated herein are asserted against Defendant and any of their owners, predecessors, successors, subsidiaries, and/or assigns.

### E.  FACTUAL BACKGROUND

31~~22~~.   Defendant operates, and at all times during the liability period, has done business in this judicial district ~~Alameda County, California~~ and throughout California.

32~~23~~.   Since at least four years prior to the original filing of this action, Defendant has maintained business expense policies and/or practices that deny lawful reimbursement and/or

compensation to its ~~Store~~ Managers.  Those policies and/or practices require, and/or with

knowledge thereof permit, ~~Store~~ Managers to pay for expenses incurred in direct consequence of

discharging their managerial duties on behalf of Defendant, including using their personal cell

phones and data plans to respond to and send work email, use the ~~Starbuck's~~ GroupMe App to

communicate with other Starbucks employees, use the Starbucks' Workplace App to receive

company news and announcements, place and/or receive calls or texts from Starbucks employees

working in the store location, place and/or receive calls or texts from Starbucks employees not

working at the store location regarding issues such as scheduling and staffing, place and/or receive

calls or texts from supervisorial Starbucks employees, participate in conference calls, and post on

Starbucks' social media accounts.

33.    Since at least four years prior to the original filing of this action, Defendant has maintained and enforced policies and/or practices pursuant to which Plaintiffs and Class Members were required to work off-the-clock both while away from the store and at the store during their meal and rest breaks, including receiving, reviewing and responding to messages via the GroupMe App, the Workplace App, text messages, emails and phone calls, as more fully described herein.

34~~24~~.   Defendant has maintained these same business expense and wage payment policies and/or practices or substantially similar ones throughout the Class Period.

35~~25~~.   Defendant is aware that ~~Store~~ Managers regularly incur business expenses in the discharge of their duties as employees. Defendant nevertheless fails and refuses to reimburse ~~Store~~ Managers for such business expenses incurred by them in their work as they managed Defendant's locations.

36.    Defendant is aware that Managers regularly work off-the-clock before and after scheduled hours and during Managers' meal and rest breaks. Plaintiffs' and Class Members' direct supervisors, as well other upper-level managers were themselves included on these messaging applications, texts, and emails. Defendant nevertheless has failed and refuses to compensate Managers for these hours worked.

37~~26~~.   Plaintiffs and Class Members have been harmed by Defendant's unlawful business

expense policies and/or practices in that they have not been paid for certain business expenses incurred while employed by Defendant, as alleged above, thereby diminishing their agreed-upon compensation, in amounts to be proven at trial.

38.     Plaintiffs and Class Members have been harmed by Defendant's unlawful policies and/or practices in that they have worked off-the-clock for the benefit of Defendant without compensation, in amounts to be proven at trial.

39.     As a result of Defendant's policies and/or practices, Plaintiffs and Class Members worked in excess of eight hours a day or forty hours in a week, but were not compensated for all of this time.

40.     When the uncompensated time is factored in, Plaintiffs and Class Members regularly work over 8 hours per day, necessitating the payment of overtime compensation for some of the time that they work. But as a result of its policies and/or practices, Defendant fails to pay Plaintiffs and Class Members the required overtime premium for this time.

41.     Because Defendant utilizes messaging applications, texts, and emails while Plaintiffs and Class Members are supposed to be on their meal and rest breaks, Defendant has failed to provide 30-minute uninterrupted meal breaks where the employees are relieved of all duties and has failed to authorize and permit its employees to take 10-minute rest breaks.

42.     Defendant does not provide Plaintiffs and Class Members with accurate wage statements as required by California law. Plaintiffs and Class Members receive wage statements that do not reflect all hours worked or applicable overtime premiums.

43.     Defendant does not provide Plaintiffs and Class Members with full payment of all wages owed at the end of employment. These workers are owed wages and premium pay for all time worked, as well as overtime. These amounts remain unpaid after voluntary and involuntary termination. As a consequence, Defendant is subject to waiting time penalties.

44.     Plaintiffs are informed, believe, and thereon allege that Defendant's unlawful conduct has been widespread, repeated, and consistent as to Class Members and throughout Defendant's operations in California. Defendant knows or should know that its policies and/or

- 12 -
SECONDFIRST AMENDED COMPLAINT

practices have been unlawful and unfair.

44.    Defendant's conduct was willful, carried out in bad faith, and caused significant damages to Plaintiffs and Class Members in an amount to be determined at trial.

### F.  CLASS ACTION ALLEGATIONS

45~~27~~.   Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a class action pursuant to Federal Rule of Civil Procedure 23~~Code of Civil Procedure § 382~~. The Class that Plaintiffs seek to represent is composed of and defined as follows:

> All persons who are or have been employed, at any time during the Class Period by Starbucks in California under the job title Store Manager or Assistant Store Manager.

46~~28~~.   This action has been brought and may properly be maintained as a class action under Fed.R.Civ.P. 23~~Code of Civil Procedure § 382~~ because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiffs are proper representatives of the Class:

a.    Numerosity:  The potential members of the Class as defined are numerous and therefore joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendant has employed hundreds of Store Managers and Assistant Store Managers in California subject to Defendant's business expense reimbursement and wage payment polic~~y~~ies~~y~~ at all times during the Class Period.  Joinder of all members of the proposed class is not practicable.

b.    Commonality:  There are questions of law and fact common to the Plaintiffs and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

(i)    Whether Plaintiffs and Class Members have incurred unreimbursed business expenses in the discharge of their duties as employees, included but not

- 13 -

limited to expenses for such items as the cost of personal cell phones and the concomitant data/text plans.

(ii)    Whether Defendant expected Plaintiffs and Class Members to address issues in Defendant's locations as they arose or those related to the general operations of Defendant's locations by using their personal cell phone and concomitant data/text plans.

(iii)    Whether Defendant intended, suffered and permitted, and/or were aware that Plaintiffs and Class Members incurred such business expenses in the discharge of their duties as employees.

(iv)    Whether Defendant failed and/or refused to reimburse, fully or at all, business expenses incurred by Plaintiffs and Class Members in the discharge of their duties.

(v)    Whether Defendant's failure to reimburse business expenses incurred by Plaintiffs and Class Members, fully or at all, was the result of, and/or pursuant to, a business policy or regular practice of Defendant.

(vi)    Whether Plaintiffs and Class Members have worked for Defendant without compensation in the discharge of their duties as employees, included but not limited to receiving, reviewing, and responding to messaging applications, texts, emails and phone calls as described herein.

(vii)    Whether Defendant expected Plaintiffs and Class Members to address issues in Defendant's locations as they arose or those related to the general operations of Defendant's locations while they were away from Defendant's store location and off-the-clock.

(viii)    Whether Defendant intended, suffered and permitted, and/or were aware that Plaintiffs and Class Members worked off-the-clock as described herein in the discharge of their duties as employees.

(ix)    Whether Defendant failed to pay Plaintiffs and Class Members for all

1    of their hours worked.

2        (x)    Whether Defendant's failure to pay Plaintiffs and Class Members for

3    all of their hours worked was the result of, and/or pursuant to, a business policy or

4    regular practice of Defendant.

5        (xi~~vi~~)    Whether Defendant failed to provide Plaintiffs and Class Members

6    meal periods in the duration, timing and manner as required.

7        (xii)    Whether Defendant authorized and permitted Plaintiffs and Class

8    Members to take rest breaks in the duration, timing and manner as required.

9        (xiii)    Whether Defendant violated Labor Code § 2802 and Bus. & Prof.

10   Code § 17200 by denying Plaintiffs and other Class Members reimbursement for

11   their business expenses.

12       (xiv)    Whether Defendant violated Labor Code §§ 200, 204, 1194, and

13   1198; Labor Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197; Labor Code §§ 200,

14   510, 1194; Labor Code 226.7, 512, and IWC Wage Order 5-2001, §§ 11 and 12;

15   Labor Code §§ 226, 1174, 1174.5; Labor Code §§ 201-203; and Bus. & Prof. Code

16   § 17200 by failing to pay Plaintiffs and other Class Members for all their hours

17   worked.

18       ~~(vii)    Whether Defendant violated Business and Professions Code § 17200~~

19   ~~by failing to pay business expenses for Plaintiffs and Class Members.~~

20       (xv~~iii~~)The proper formula(s) for calculating restitution, damages, penalties

21   and interest owed to Plaintiffs and the Class Members.

22       c.    Typicality:  Plaintiffs' claims are typical of the claims of the Class.  Both

23   Plaintiffs and Class Members sustained injuries and damages, and were deprived of

24   property rightly belonging to them, arising out of and caused by Defendant's common

25   course of conduct in violation of law as alleged herein, in similar ways and for the same

26   types of expenses.

27       d.    Adequacy of Representation:  Plaintiffs are members of the Class and will

28

- 15 -

fairly and adequately represent and protect the interests of the Class Members.  Plaintiffs'

interests do not conflict with those of Class Members.  Counsel who represent the Plaintiffs

are competent and experienced in litigating large wage and hour class actions, including

both business class expense reimbursement cases and wage payment other employment class

actions, and will devote sufficient time and resources to the case and otherwise adequately

represent the Class.

   e.  Superiority of Class Action:  A class action is superior to other available

means for the fair and efficient adjudication of this controversy.  Individual joinder of all

Class Members is not practicable, and questions of law and fact common to the Class

predominate over any questions affecting only individual members of the Class.  Each

Class Member has been damaged or may be damaged in the future by reason of

Defendant's unlawful policies and/or practices of not reimbursing business expenses.

Certification of this case as a class action will allow those similarly situated persons to

litigate their claims in the manner that is most efficient and economical for the parties and

the judicial system.  Certifying this case as a class action is superior because the Plaintiffs

seek relief that will affect all Class Members in a common way, and will also allow for

efficient and full disgorgement of the ill-gotten gains Defendant has enjoyed by maintaining

their unlawful business expense reimbursement and wage payment policiesy and practices,

and will thereby effectuate California's strong public policy of protecting employees from

deprivation or offsetting of compensation earned in their employment.  If this action is not

certified as a Class Action, it will be impossible as a practical matter for many or most

Class Members to bring individual actions to recover monies unlawfully withheld from

their lawful compensation due from Defendant, due to the relatively small amounts of such

individual recoveries relative to the costs, burdens, and risks of litigation.

**FIRST CAUSE OF ACTION**
**Failure To Reimburse For Business Expenses**
**(Labor Code § 2802)**

- 16 -

1    47~~29~~.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

2    forth herein.~~The allegations of Paragraphs 1 through 28 are re-alleged and incorporated herein by~~

3    ~~reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and the above~~

4    ~~described class of similarly situated Store Managers.~~

5    48~~30~~.   Labor Code § 2802 provides that "[a]n employer shall indemnify his or her

6    employee for all necessary expenditures or losses incurred by the employee in direct consequence

7    of the discharge of his or her duties."

8    49~~31~~.   In order to discharge their management-related duties for Defendant, Plaintiffs and

9    similarly situated ~~Store~~ Managers were required and/or expected by Defendant to use their own

10   personal cell phones and data/text plans to address issues in the location that they managed as they

11   arose and/or issues related to the general operations of the location, regardless of whether they

12   were working inside Defendant's location or not. However, Defendant did not fully pay for

13   expenses incurred as a result of Plaintiffs and Class Members' use of their personal cell phone and

14   data/text plans in carrying out their managerial duties.

15   50~~32~~.   Plaintiffs and similarly situated ~~Store~~ Managers are entitled to reimbursement for

16   these necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code § 2802.

17   51~~33~~.   As a result of Defendant's violations of Labor Code § 2802, Defendant is also liable

18   for attorneys' fees and costs under Labor Code § 2802(c).

19   ~~34.   Plaintiffs, on behalf of themselves and Class Members, request relief as described~~

20   ~~below.~~

21   **SECOND CAUSE OF ACTION**

22   **Failure to Pay for All Hours Worked**
     **(Labor Code §§ 200, 204, 1194, and 1198)**

23   52.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

24   forth herein.

25   53.   Plaintiffs allege that Defendant willfully engaged and continues to engage in a

26   policy and practice of not compensating Plaintiffs and Class Members for all hours worked or

27   spent in Defendant's control.

28

- 17 -
SECOND~~FIRST~~ AMENDED COMPLAINT

54.     Defendant regularly requires Plaintiffs and Class Members to perform uncompensated off-the-clock work, as described here.

55.     Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or method of calculation."

56.     Labor Code § 204(a) provides that "[a]ll wages … earned by any person in any employment are due and payable twice during each calendar month…."

57.     Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

58.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

59.     IWC Wage Order 5-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

60.     In violation of California law, Defendant knowingly and willfully refuses to perform its obligation to provide Plaintiffs and Class Members with compensation for all time worked. Therefore, Defendant committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiffs' and Class Members' rights. Plaintiffs and Class Members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses and costs of suit.

61.     As a proximate result of the aforementioned violations, Plaintiffs and Class Members have been damaged in an amount according to proof at time of trial.

**THIRD CAUSE OF ACTION**
**Failure to Pay Minimum Wage**

- 18 -

**(Labor Code §§ 1182.11, 1182.12, 1194, 1194.2, and 1197)**

62.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

63.     Defendant fails to compensate Plaintiffs and Class Members with at least the minimum wage for all hours worked or spent in Defendant's control.

64.     During the applicable statutory period, Labor Code §§ 1182.11, 1182.12, and 1197, and the Minimum Wage Order were in full force and effect and required that employees receive the minimum wage for all hours worked.  Certain municipalities in California also have their own minimum wage rates.

65.     IWC Wage Order 5-2001(2)(K) define hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

66.     Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

67.     Because of Defendant's policies and/or practices with regard to compensating Plaintiffs and Class Members, Defendant has failed to pay minimum wages as required by law. Plaintiffs and Class Members frequently perform work for which they are compensated below the statutory minimum, as determined by the IWC.

68.     Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employer shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

69.     California law further requires that employers pay their employees for all hours worked at the statutory or agreed upon rate.  No part of the rate may be used as a credit against a

- 19 -
SECONDFIRST AMENDED COMPLAINT

1    minimum wage obligation.

2        70.    By failing to maintain adequate time records as required by Labor Code §1174(d)

3    and IWC Wage Order 5-2001(7), Defendant has made it difficult to calculate the minimum wage

4    compensation due to Plaintiffs and Class Members.

5        71.    Plaintiffs and Class Members have been deprived of minimum wages in an amount

6    to be proven at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus

7    interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2, and

8    1197.1.

9

10                    **FOURTH CAUSE OF ACTION**

11                    **Failure to Pay Overtime Wages**
                    **(Labor Code §§ 200, 510, and 1194)**

12        72.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

13    forth herein.

14        73.    Defendant does not properly compensate Plaintiffs and Class Members with

15    appropriate overtime premiums, including time and a half premiums based on their regular rate of

16    pay, as required by California law.

17        74.    Labor Code § 510(a) provides as follows:

18

19            Eight hours of labor constitutes a day's work.  Any work in excess of
            eight hours in one workday and any work in excess of 40 hours in
20            any one workweek and the first eight hours worked on the seventh
            day of work in any one workweek shall be compensated at the rate of
21            no less than one and one-half times the regular rate of pay for an
            employee.  Any work in excess of 12 hours in one day shall be
22            compensated at the rate of no less than twice the regular rate of pay
            for an employee.  In addition, any work in excess of eight hours on
23            any seventh day of a workweek shall be compensated at the rate of
            no less than twice the regular rate of pay of an employee.  Nothing in
24            this section requires an employer to combine more than one rate of
            overtime compensation in order to calculate the amount to be paid to
25            an employee for any hour of overtime work.

26        75.    IWC Wage Order 5-2001(3)(A)(1) states:

27

28
                                    - 20 -
                            SECOND~~FIRST~~ AMENDED COMPLAINT

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than … [o]ne and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek….

76.    Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

77.    Labor Code § 200 defines wages as "all amounts of labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

78.    Defendant's policies and/or practices of requiring Plaintiffs and Class Members to perform work off-the-clock is unlawful and results in overtime violations. As a result of this unlawful policy, Plaintiffs and Class Members have worked overtime hours for Defendant without being paid overtime premiums in violation of the Labor Code, the applicable IWC Wage Orders, and other applicable law.

79.    Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and Class Members for all premium wages for overtime work. Defendant is liable to Plaintiffs and Class Members alleged herein for the unpaid overtime and civil penalties,

- 21 -
SECONDFIRST AMENDED COMPLAINT

Formatted: Indent: Left: 1", First line: 0", Right: 1", Line spacing: single

Formatted: Indent: Left: 1", First line: 0", Right: 1", Line spacing: single

with interest thereon. Furthermore, Plaintiffs and Class Members are entitled to an award of attorneys' fees and costs as set forth below.

80.    As a proximate result of the aforementioned violations, Plaintiffs and the Class have been damaged in an amount according to proof at time of trial.

### FIFTH CAUSE OF ACTION
### Failure to Provide Meal Periods
### (Labor Code 226.7, 512 & IWC Wage Order 5-2001 ¶ 11)

81.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

82.    Labor Code § 226.7 and 512 and IWC Wage Order 5-2001, § 11 require that employers provide non-exempt employees with a first meal period of not less than 30 minutes during which they are relieved of all duty before working more than five hours, and a second duty-free meal period of not less than 30 minutes before working more than 10 hours per day.

83.    To comply with the Labor Code, an employer must affirmatively relieve its employee of all duty during the meal period, relinquish control over the employee's activities, and permit the employee a reasonable opportunity to take an uninterrupted 30-minute break.

84.    Labor Code § 226.7(c) and IWC Wage Order 5-2001, § 11 require an employer fails to provide an employee a meal period as required to pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the required meal period is not provided.

85.    Defendant has maintained and enforced policies and/or practices pursuant to which Plaintiffs and Class Members were required to receive, review and respond to messages via the GroupMe App, the Workplace App, text messages, emails and phone calls during meal breaks. As a result, Defendant failed to provide Plaintiffs and Class Members with the required meal periods or pay Plaintiffs and Class Members the wages due for missed meal periods.

86.    Defendant is therefore is liable to Plaintiffs and Class Members for additional compensation pursuant to Labor Code § 226.7(c) and Wage Order 5-2001, § ¶ 11.



**SIXTH CAUSE OF ACTION**
**Failure to Provide Rest Breaks**
**(Labor Code 226.7 & IWC Wage Order 5-2001 ¶ 12)**

87.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

88.    Labor Code § 226.7(b) prohibits an employer from requiring an employee to work during any rest break mandated by an applicable wage order. Wage Order 5-2001, § ¶ 12 requires that an employer authorize and permit all employees to take one 10-minute rest period for every 4 hours worked, or a portion thereof, which insofar as practicable shall be in the middle of each work period.

89.    Defendant has maintained and enforced policies and/or practices pursuant to which Plaintiffs and Class Members were required to receive, review and respond to messages via the GroupMe App, the Workplace App, text messages, emails and phone calls during rest breaks. As a result, Defendant did not authorize and permit Plaintiffs and Class Members to take legally compliant rest breaks or pay Plaintiffs and Class Members the wages due for missed rest breaks.

90.    Defendant is therefore is liable to Plaintiffs and Class Members for damages pursuant to Labor Code § 226.7(c) and Wage Order 5-2001, § ¶ 12.

**SEVENTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements**
**(Labor Code § 226, 1174, and 1174.5)**

91.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

92.    Defendant does not provide Plaintiffs and Class Members with accurate itemized wage statements as required by California law.

93.    Labor Code § 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross

- 23 -
SECONDFIRST AMENDED COMPLAINT

wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated an shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

94.     IWC Wage Order 5-2001(7) also provides for this requirement.

95.     Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

96.     Labor Code § 1174 provides in part:

Every person employing labor in this state shall: (d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.

97.     Defendant does not willfully provide timely, accurate itemized wage statements to Plaintiffs and Class Members in accordance with Labor Code §§ 226(a) and 1174(d) and the IWC Wage Orders.  The wage statements Defendant provides to employees, including Plaintiffs and Class Members, do not accurately reflect the premium pay to which they are entitled to for the actual hours worked, the actual gross wages earned, the actual net wages earned, and the actual hourly rate(s).

98.     As a proximate result of the aforementioned violations, Defendant is liable to Plaintiffs and Class Members alleged herein for the amounts described, with interest thereon, in

- 24 -
SECONDFIRST AMENDED COMPLAINT

an amount according to proof at time of trial. Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e) and penalties pursuant to Labor Code § 1174.5.

### EIGHTH CAUSE OF ACTION
### Waiting Time Penalties
### (Labor Code §§ 201-203)

99.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

100.     Defendant does not provide Plaintiffs and Class Members with their wages when due under California law after their employment with Defendant ends.

101.     Labor Code § 201 provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

102.     Labor Code § 202(a) provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

103.     Labor Code § 203(a) provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

104.     Some of the Class Members, including Plaintiffs, left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages.  These earned, but unpaid, wages derive from time spent working for the benefit of Defendant which went unrecorded and/or uncompensated.

105.     Defendant willfully refused and continues to refuse to pay Plaintiffs and Class Members all the wages that were due and owed to them upon the end of their employment, in

- 25 -
SECONDFIRST AMENDED COMPLAINT

the form of wages owed for uncompensated, off-the-clock work, as well as unpaid overtime. As a result of Defendant's actions, Plaintiffs and Class Members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

106.    Defendant's willful failure to pay Plaintiffs and Class Members the wages due and owing to them constitutes a violation of Labor Code §§ 201-202. As a result, Defendant is liable to Plaintiffs and Class Members for all penalties owing pursuant to Labor Code §§ 201-203.

107.    Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due.  Therefore, Plaintiffs and Class Members are entitled to such penalties pursuant to Labor Code § 203, plus interest.

108.    As a proximate result of the aforementioned violations, Defendant is liable to Plaintiffs and Class Members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial.


**NINTHSECOND CAUSE OF ACTION**
**Unfair Competition Law Violations**
**(Bus. & Prof. Code § 17200)**

109~~5~~. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein. ~~The allegations of Paragraphs 1 through 28 are re-alleged and incorporated herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and the above described class of similarly situated Store Managers.~~

110~~6~~. Business & Professions Code § 17200 (the "UCL") prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.  Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.

111~~7~~. During the Class Period and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business & Professions Code § 17200, by failing to reimburse and indemnify Plaintiffs and similarly situated

- 26 -
SECOND~~FIRST~~ AMENDED COMPLAINT

Class Members~~Store Managers~~ for employment-related business expenses and losses, in violation of Labor Code § 2802; failing to pay for all hours worked in violation of Labor Code §§ 200, 204, 510, 1182.11, 1182.12, 1194, 1194.2, 1197 and 1198; failure to provide, authorize and permit meal and rest breaks in violation of Labor Code § 226.7, 512, and IWC Wage Order 5-2001, §§ 11 and 12; failing to provide accurate pay statements in violation of Labor Code §§ 226, 1174 and 1174.5; and failure to pay all wages due and owing at time of termination in violation of Labor Code §§ 201, 202 and 203.

112~~38~~. In order to discharge their managerial duties for Defendant, Plaintiffs and similarly situated ~~Store~~ Managers were required, expected, and/or permitted by Defendant to use their own personal cell phone and data/text plans. However, Defendant did not fully pay for expenses incurred as a result of Plaintiffs' and Class Members' use of their own property or expenditures for services used in the course of their work for Defendant. Likewise, Plaintiffs and similarly situated Managers were required and expected to use their personal mobile devices for work related activities before and after scheduled hours and during their meal and rest breaks. As such, Plaintiffs and similarly situated Managers worked off-the-clock without compensation and were denied legally compliant meal and rest breaks. Because of the Labor Code violations alleged herein, Plaintiffs' and Class Members' pay statements were non-compliant and they were not properly and timely paid all their wages at time of termination.

113~~39~~. As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continues to hold ill-gotten gains belonging to Plaintiffs and Class Members in the form of unreimbursed employee business expenses and unpaid wages that reduced or offset compensation earned by Plaintiffs and Class Members. As a direct and proximate result of Defendant's unlawful business practices, Plaintiffs and Class Members have suffered economic injuries including, but not limited to out-of-pocket business expenses and unpaid wages, ~~and~~ resulting in reductions or offsets to earned compensation. Defendant has profited from its~~their~~ unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and unpaid wages as well as ~~and~~ interest accrued thereon.

1    11440. Plaintiffs and similarly situated Class MembersStore Managers are entitled to

2  restitution pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid business

3  expenses and unpaid wages as well as , and interest thereon accruing, from four years prior to the

4  filing of this action to the date of such restitution, and Defendant should be required to disgorge all

5  the profits and gains they have reaped and restore such profits and gains to Plaintiffs and Class

6  Members, from whom they were unlawfully taken.

7    11541. Plaintiffs have assumed the responsibility of enforcement of the laws and public

8  policies specified herein by suing on behalf of themselves and other similarly situated members of

9  the public previously and presently employed by Defendant in California. Plaintiffs' success in

10  this action will enforce important rights affecting the public interest. Plaintiffs will incur a

11  financial burden in pursuing this action in the public interest. Therefore, an award of reasonable

12  attorneys' fees to Plaintiffs is appropriate pursuant to Code of Civil Procedure § 1021.5.

13

14                    **TENTHTHIRD CAUSE OF ACTION**
                **The Labor Code Private Attorneys General Act oOf 2004**
15                      **(Labor Code §§ 2699 *et seq.*)**

16                      **(Claim on behalf of the Class)**

17    11642.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully

18  set forth herein.The allegations of Paragraphs 1 through 28 are re-alleged and incorporated herein

19  by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and the

20  above-described class of similarly situated Store Managers.

21    11743. As alleged above, Defendant failed to comply with the California Labor Code. As

22  such, Plaintiffs are "aggrieved employee(s)" as defined in Labor Code § 2699(a). Pursuant to

23  Labor Code § 2699, the Labor Code Private Attorneys General Act of 2004, Plaintiffs bring this

24  action on behalf of themselves and other current and- former Store Managers against Starbucks

25  Corporation, and seek recovery of applicable civil penalties as follows:

26           a. where civil penalties are specifically provided in the Labor code for each of the

27              violations alleged herein, Plaintiffs seek recovery of such penalties;

28

- 28 -
SECONDFIRST AMENDED COMPLAINT

Formatted: No underline

b.  where civil penalties are not established in the Labor Code for each of the

violations alleged herein, Plaintiffs seek recovery of the penalties established in §

2699(e) of the Labor Code Private Attorneys General Act of 2004, and in

accordance with § 200.5 of the Labor Code.

11844.    On July 9, 2019, Plaintiffs Bellows, Butler, Chitry, Denton, Gonzales, Hancock, Hyso, Lorack, Sweeney and Whiter caused to be served written notice, via certified mail, to the Labor and Workforce Development Agency and to Defendant, Starbucks Corporation, of Plaintiffs' intent to amend the complaint to add a cause of action pursuant to Labor Code §§ 2699 *et seq.*  Included with the notice was the original complaint.

119.    On November 12, 2020, Plaintiff McKay caused to be served a written notice, via certified mail, to the Labor and Workforce Development Agency and to Defendant, Starbucks Corporation, of Plaintiffs' intent to pursue an action against Defendant pursuant to Labor Code §§ 2699 *et seq.*

12045. The Labor and Workforce Development Agency declined to issue notice of its intention to pursue civil penalties in response to either Notice.  Labor Code § 2699(a)(2)(C) authorizes Plaintiffs, as a matter of right, to amend the existing complaint to add a claim arising under PAGA within 60 days of the specified time periods.  Accordingly, Plaintiffs commence this PAGA claim for civil remedies as provided for under Labor Code § 2699.

12146. Plaintiffs, on behalf of themselves and similarly situated Store Managers, requests relief as described below.

### JURY DEMAND

Plaintiffs hereby request a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

1.    That the Court determine that this action may be maintained as a class action under Federal Rule of Civil Procedure 23Code of Civil Procedure § 382, and define the Class as requested herein;

1    2.    For compensatory damages and interest thereon according to proof; That the Court
2    find and declare that Defendant's business expense policies and/or practices violate California law,
3    including Labor Code § 2802 by refusing and/or failing to reimburse all business expenses incurred
4    by Plaintiffs and other Store Managers in the discharge of their duties as employees of Defendant;

5    3.    For restitution and interest thereon according to proof; That the Court find and
6    declare that Defendant has violated Business and Professions Code § 17200 and committed unfair
7    and unlawful business practices by failing to reimburse Plaintiffs and similarly situated Store
8    Managers for business expenses incurred by them in the course of their duties for the benefit of
9    Defendant, their employers;

10    4.    For civil and statutory penalties according to proof; That the Court declare that
11    Defendant's business expense policies and/or practices violate California law by causing a denial
12    or forfeiture of compensation, including earned wages.

13    5.    For an injunction and declaratory relief; That the Court award to Plaintiffs and Class
14    Members all unreimbursed business expenses, and interest thereon, that they are owed, pursuant to
15    Labor Code § 2802, in an amount to be proved at trial;

16    6.    For reasonable attorneys' fees and costs according to proof; That Defendant be
17    ordered to pay restitution to Plaintiffs and the Class, due to Defendant's UCL violations, pursuant
18    to Business and Professions Code §§ 17200-17205, in the amount of their unreimbursed business
19    expenses and interest thereon;

20    7.    That the Court award civil penalties to Plaintiffs and the Class as provided by
21    California Labor Code §2699;

22    8.    That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs
23    pursuant to Labor Code § 2802 and Code of Civil Procedure § 1021.5, and/or other applicable law;

24    9.    For That the Court award such other and further relief as this Court may deem
25    appropriate.

26

27

28

DATED:  June 10, 2021October 16, 2019        WYNNE LAW FIRM

By: Edward J. Wynne