EDWARD J. WYNNE, SBN 165819
ewynne@wynnelawfirm.com
GEORGE R. NEMIROFF, SBN 262058
gnemiroff@wynnelawfirm.com
WYNNE LAW FIRM
Wood Island
80 E. Sir Francis Drake Blvd., Suite 3G
Larkspur, CA 94939
Telephone: (415) 461-6400
Facsimile: (415) 461-3900

GREGG I. SHAVITZ (*pro hac vice*)
gshavitz@shavitzlaw.com
CAMAR JONES (*pro hac vice*)
cjones@shavitzlaw.com
ALAN QUILES (*pro hac vice*)
aquiles@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Ste. 285
Boca Raton, FL 33431
Telephone   (561) 447-8888
Facsimile    (561) 447-8831

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUKE ADELMAN, ELIZABETH ANDERSON, ELLESSE ANDERSON, JEFFREY BELLOWS, SHERRI BRADLEY, AMANDA BREKKE, KATHERINE BUTLER, CHEYENNE CHITRY, CHRISTINA DENTON, JACQUELINE FOSTER, OMAR GARLAND, JORGE GONZALEZ, JAMES HANCOCK, DONNIE HYSO, ERIK LORACK, CASEY MCKAY, HANNAH ROTHSCHILD, JORDONE SHANE-SANCHEZ, KEVIN STEINBECK, CASSANDRA SWEENEY and MICHAEL WHITER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | Case No.: 3:20-cv-01178-JD<br><br>[Assigned to the Hon. James Donato]<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT STARBUCKS CORPORATION'S MOTION TO COMPEL ARBITRATION**<br><br>Date: September 16. 2021<br>Time: 10:00 a.m.<br>Dept: Courtroom 11, 19th Floor<br><br>Date Action Filed: June 27, 2019<br>Date of Removal: February 14, 2020 |

# **TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | RELEVANT FACTS AND PROCEDURAL BACKGROUND | | 2 |
| | A. | The State Court Proceedings | 2 |
| | | 1. Plaintiffs' Discovery Efforts in State Court | 2 |
| | | 2. Defendant's Discovery Efforts in State Court | 3 |
| | B. | The Federal Court Proceedings | 3 |
| | | 1. Plaintiffs' Discovery Efforts in Federal Court | 4 |
| | | 2. Defendant's Discovery Efforts in Federal Court | 5 |
| | | 3. *Brekke* is Removed and Related to This Case | 5 |
| | | 4. Defendant Files A Motion to Dismiss and a Motion to Compel Arbitration | 6 |
| | | 5. Defendant's Arbitration Agreement | 6 |
| III. | ARGUMENT | | 7 |
| | A. | Defendant was Aware of its Contractual Right to Arbitration | 7 |
| | B. | Defendant Engaged in Acts Inconsistent with Its Right to Arbitration | 8 |
| | | 1. Defendant Heavily Litigated This Case for Two Years Before Bringing A Motion to Compel Arbitration | 8 |
| | | 2. Defendant Availed Itself of the Court's Jurisdiction by Seeking a Decision on the Merits | 9 |
| | | 3. Defendant Engaged in Discovery That Vastly Exceeded What Was Permitted Under the Arbitration Agreement | 10 |
| | C. | Plaintiffs Have Been Prejudiced by Defendant's Delay in Compelling Arbitration | 11 |
| | | 1. Plaintiffs Have Been Prejudiced by Defendant's Excessive Delay in Compelling Arbitration and Voluminous Discovery That Would Not Have Been Permitted in Arbitration | 12 |
| | | 2. Plaintiff Hancock Is Prejudiced by Defendant's Motion to Dismiss Seeking a Ruling on the Merits of His Claim | 13 |
| | | 3. Plaintiffs Are Further Prejudiced Because Defendant's Delay in Compelling Arbitration Affected Their Litigation Strategy | 13 |
| IV. | CONCLUSION | | 14 |


# **TABLE OF AUTHORITIES**

**Federal Cases**

*Ambrosio v. Cogent Communications, Inc.*,
  2016 WL 4436091 (N.D. Cal. Aug. 5, 2016) .................................................................. 7, 8, 9

*Ford v. Yasuda*,
  2015 WL 3650216 (C.D. Cal. April 29, 2015) ...................................................................... 8

*Freeney v. Bank of America Corporation*,
  2016 WL 5897773 (C.D. Cal. Aug. 4, 2016) .................................................................. 10, 13

*Hoffman v. Constr. Co. v. Active Erectors & Installers, Inc.*,
  969 F.2d 796 (9th Cir. 1992) .............................................................................................. 7, 14

*In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices & Products Liab. Litig.*,
  828 F.Supp. 2d 1150 (C.D. Cal. 2011) ................................................................................. 14

*Jefferson v. Beta Operating Company LLC*,
  2020 WL 4781644 (C.D. Cal. Aug. 26, 2020) ....................................................................... 8

*Johnson Assocs, Corp v. HL Operating Corp.*,
  680 F.3d 713 (6th Cir. 2012) ................................................................................................. 11

*Kelly v. Public Utility Dist. No. of Grant County*,
  552 Fed.Appx. 663 (9th Cir. 2014) ............................................................................... 8, 9, 13

*Kramer Toyota Motor Corp.*,
  705 F.3d 1122 (9th Cir. 2013) ............................................................................................... 14

*Martin v. Yasuda*,
  829 F.3d 1118 (9th Cir. 2016) .......................................................................................... passim

*Newirth by and through Newirth v. Aegis Senior Communities LLC*,
  931 F.3d 935 (9th Cir. 2019) ...................................................................................... 7, 8, 9, 11

*Plows v. Rockwell Collins, Inc.*,
  812 F.Supp.2d 1063 (C.D. Cal. 2011) ............................................................................ passim

*Schwendeman v. Health Carousel, LLC*,
  2019 WL 6173164 (N.D. Cal. Nov. 20, 2019) ....................................................................... 8

*Unitech Composites, Inc. v. Avcorp Indus., Inc.*,
  No. 18-CV-1399-YY, 2020 WL 9258766 (D. Or. Apr. 17, 2020) ....................................... 11

*United States v. Park Place Assoc., Ltd.*,
  563 F.3d 907 (9th Cir. 2009) ................................................................................................... 7

*Van Ness Townhouses v. Mar Indus. Corp.*,
  862 F.2d 754 (9th Cir. 1988) ............................................................................................... 8, 9

## I.  INTRODUCTION

Plaintiffs Elizabeth Anderson, Jeffrey Bellows, James Hancock and Eric Lorack (collectively, for the purposes of this motion, "Plaintiffs")[1] oppose Defendant's motion to compel arbitration on the basis that Defendant has waived its contractual right to arbitrate.

Defendant has waived its right to arbitrate by delaying over two years to bring the instant motion to compel. Defendant has always been aware of its contractual right to arbitrate. Nevertheless, Defendant took numerous actions that were inconsistent with its right to arbitrate in state court by engaging Plaintiffs' counsel in case management and scheduling regarding discovery and class certification issues, negotiating a protective order and propounding voluminous written discovery to each Plaintiff that vastly exceeded what is permissible under the Arbitration Agreement. Despite vigorously litigating the case in state court for six months, Defendant then removed the case to the Northern District and proceeded to, again, act inconsistent with the Arbitration Agreement by engaging Plaintiffs' counsel in case management and scheduling, negotiating and entering a protective order, and propounding voluminous discovery to each Plaintiff that vastly exceeds what is permissible under the Arbitration Agreement. Defendant, most recently, has sought relief from this Court on the merits of the claims and defenses asserted by filing a motion to dismiss various claims in the action, another act inconsistent with the Arbitration Agreement. Defendant, now, after two years of taking advantage of this Court's jurisdiction, seeks to compel Plaintiffs to arbitration.

Plaintiffs have been prejudiced by Defendant's inconsistent actions. Plaintiffs were forced to expend considerable time and resources over a two-year period engaging defense counsel with respect to case management and scheduling issues only to have the possibility of repeating this process again in arbitration. Likewise, Plaintiffs will be prejudiced by having to respond to discovery for a second or third time again in arbitration. In Hancock's case, if he were compelled to arbitration, he would be prejudiced by having to relitigate the pending motion to dismiss before the arbitrator. [Dkt. 48.] Plaintiffs have been prejudiced by Defendant's unexplained delay to

---

[1] Plaintiffs Amanda Brekke, Casey McKay, Jordone Shane-Sanchez, Sherri Bradley, Kevin Steinbeck and Omar Garland do not oppose Defendant's motion.

bring this matter to the Court after actively litigating this case for two years. Cumulatively, Defendant's actions have severely prejudiced Plaintiffs and the Court should find waiver in this instance.

## II. RELEVANT FACTS AND PROCEDURAL BACKGROUND

### A. The State Court Proceedings

On June 27, 2019, Plaintiffs Jeffrey Bellows, Katherine Butler, Cheyenne Chitry, Christina Denton, Jorge Gonzalez, James Hancock, Donnie Hyso, Erik Lorack, Cassandra Sweeney and Michael Whiter on behalf of a class of Defendant's store managers filed a complaint in Alameda Superior Court alleging (1) failure to reimburse business expenses (Lab. Code § 2802) and (2) unfair business practices (Bus. & Prof. Code § 17200 *et seq*.), stemming from Defendant's failure to reimburse its store managers for use of their personal mobile devices in the course and scope of business. (Dkt. 1-2.)

On August 14, 2019, Defendant filed its Answer to the Complaint. Defendant's First Affirmative Defense alleged Arbitration, specifically stating:

> As a separate and affirmative defense to the Complaint and to each purported claim for relief alleged therein, Defendant alleges that Plaintiffs' claims are barred to the extent that Plaintiffs and/or members of the proposed class have executed relevant enforceable arbitration agreements with class and/or collective action waivers.

(Dkt. 1-4.)

Counsel for the parties met and conferred and submitted a Joint Complex Case Management Conference Statement in anticipation of the September 10, 2019 Case Management Conference. In the "Motions" section of the statement, Defendant, making no commitment one way or the other, stated "Defendant may file a motion (or motions) to compel individual arbitration." (Decl. of Wynne, ¶ 2.)

#### 1. Plaintiffs' Discovery Efforts in State Court

On August 21, 2019, Plaintiffs propounded a global set of written discovery to Defendant which consisted of Plaintiffs' First Set of Request for Production of Documents and Plaintiffs' First Set of Special Interrogatories. (Decl. of Wynne, ¶ 4.)

On October 17, 2019, Plaintiffs filed a First Amended Complaint adding Plaintiff

1 Elizabeth Anderson and Jacqueline Foster as named plaintiffs (the action is referred to herein as "*Anderson*"). (Dkt. 1-3.)

On October 18, 2019, Defendant served its discovery responses. (Decl. of Wynne, ¶ 5.)

On December 4, 2019, Plaintiffs sent Defendant meet and confer correspondence regarding Defendant's deficient discovery responses. On January 24, 2020, Defense counsel responded. (Decl. of Wynne, ¶ 6.)

On February 4, 2020, Counsel for the parties then had a telephonic meet and confer wherein the parties discussed the Defendant's discovery responses and negotiated a stipulated protective order. (Decl. of Wynne, ¶ 7.)

On October 21, 2019, Defendant produced documents to Plaintiffs. Included in the production were all of Plaintiffs' personnel records, which included Defendant's arbitration agreements that were allegedly agreed to by Plaintiffs. (Decl. of Wynne, ¶ 8.)

### 2. Defendant's Discovery Efforts in State Court

On October 22, 2019, Defendant propounded four sets of written discovery *each* to ten of the twelve named plaintiffs (i.e., Bellows, Butler, Chitry, Denton, Gonzalez, Hyso, Sweeney and Whiter).[2] In particular, Defendant propounded the following sets of written discovery:

- Employment Form Interrogatories (2 requests)
- Request for Production of Documents (52 requests)
- Special Interrogatories (49 requests)
- Requests for Admissions (27 requests)

(Decl. of Wynne, ¶ 9.)

On January 27, 2020, the above-referenced Plaintiffs, with the exception of Lorack, served their respective sets of discovery responses on Defendant. (Decl. of Wynne, ¶ 10.)

### B. The Federal Court Proceedings

On February 14, 2020, Defendant removed this action to the Northern District pursuant to CAFA asserting the aggregate amount in controversy exceeded $5,000,000. (Dkt. 1.) On March

---

[2] On February 13, 2020, Defendant propounded the same written discovery to Anderson and Foster. (Decl. of Wynne, ¶ 9.)

13, 2020, Plaintiffs filed their Motion for Remand arguing Defendant had not met its burden to prove the amount in controversy met the requirements under CAFA. (Dkt. 13.) Plaintiffs and Defendant agreed to table the state court discovery and resume it in the event the case was remanded back to state court.[3] (Decl. of Wynne, ¶ 11.)

### 1. Plaintiffs' Discovery Efforts in Federal Court

Following removal, on June 23, 2020, Plaintiffs propounded two global sets of written discovery on Defendant. The written discovery consisted of a set of Requests for Production (35 requests) and a set of Interrogatories (7 interrogatories).[4] On July 27, 2020, Defendant served its discovery responses and no documents. (Decl. of Wynne, ¶ 12.)

On August 18, 2020, Plaintiffs sent Defendant meet and confer correspondence. (Decl. of Wynne, ¶ 13.) Defendant obtained an extension until September 11, 2020 to respond to the meet and confer letter. Then, on September 11, 2020, Defense counsel informed Plaintiffs' counsel that Defendant needed more time to respond to the letter. On September 30, 2020, Plaintiffs' counsel requested a response by October 2, 2020. On October 1, 2020, Defense counsel proposed a mutual stay of discovery pending the Court's ruling on the motion to remand. Plaintiffs declined the proposal. On October 6, 2020, Plaintiffs' counsel requested the parties meet and confer pursuant to the Court's standing order. That same day, Defense counsel, via email, informed Plaintiffs' counsel that it would not meet and confer in light of the pending motion to remand. (Decl. of Wynne, ¶ 13.)

On September 30, 2021, Plaintiffs filed the stipulated protective order that had been negotiated and executed by the parties. (Dkt. 22.) On October 13, 2020, the Court approved the protective order. (Dkt. 24.)

On October 12, 2020, Plaintiffs filed their discovery letter brief with the Court. (Dkt. 23.) On October 30, 2020, the Court issued its order directing Defendant to respond to Plaintiffs'

---

[3] In accordance with that agreement, Defendant withdrew the state court discovery propounded on Anderson and Foster. (Decl. of Wynne, ¶ 11.)
[4] Prior to removal, the parties had been meeting and conferring regarding Plaintiffs' first sets of written discovery. Following removal, Plaintiffs' counsel informed Defense counsel that Plaintiffs intended to issue new discovery in accordance with the Federal Rules of Civil Procedure and this Court's Standing Order for Civil Discovery. (Decl. of Wynne, ¶ 11.)

discovery letter brief. (Dkt. 25.) On November 6, 2020, Defendant filed its response. (Dkt. 26.)

On December 31, 2020, the Court denied Plaintiffs' motion to remand. (Dkt. 29.) On January 5, 2021, the Court issued its order directing Defendant to respond to Plaintiffs' discovery. (Dkt. 30.) On January 22, 2021, Defendant produced a small number of documents to Plaintiffs.

### 2. Defendant's Discovery Efforts in Federal Court

On July 24, 2020, Defendant propounded written discovery to each of the 12 named plaintiffs. Defendant's written discovery consisted of a set of requests for production (41 requests) and a set of interrogatories (24 interrogatories) to each Plaintiff. On October 2, 2020, Plaintiffs served Defendant with separate responses to each set of discovery requests. On October 9, 2020 and March 11, 2021, Plaintiffs produced responsive documents to Defendants. (Decl. of Wynne, ¶ 14.)

### 3. *Brekke* is Removed and Related to This Case

On December 10, 2020, Plaintiffs Amanda Brekke, Omar Garland, Casey McKay and Jordone Shane-Sanchez filed a class action complaint on behalf of store managers and assistant store managers in Marin County Superior Court alleging (1) failure to pay all hours worked (Lab. Code §§ 200, 204, 1194 and 1198); (2) failure to pay minimum wage (Lab. Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197); (3) failure to pay overtime wages (Lab. Code §§ 200, 510, 1194); (4) failure to provide accurate, timely and itemized wage statements (Lab. Code §§ 226, 1174, 1174.5); (5) waiting time penalties (Lab. Code §§ 201-203); and (6) unfair business practices (Bus. & Prof. Code § 17200 *et seq*.) (the action herein is referred to as "*Brekke*") (*Brekke*, Dkt. 1-2.)

On January 29, 2021, Defendant removed *Brekke* to the Northern District pursuant to CAFA asserting the aggregate amount in controversy exceeded $5,000,000. (*Brekke*, Dkt. 1.) Pursuant to this Court's Order from the February 25, 2021 case management conference, Plaintiffs were directed to file an administrative motion regarding possible related cases. (Dkt. 34.) On March 5, 2021, Plaintiffs filed an Administrative Motion to Consider Whether Cases Should Be Related. (Dkt. 35.) On March 19, 2021, Defendant filed a statement of non-opposition. (Dkt. 36.) On March 22, 2021, the Court issued the Related Case Order relating *Anderson* and

*Brekke*. (Dkt. 37.)

On June 28, 2021, after meeting and conferring, the parties filed a Stipulation and Proposed Order re Filing Second Amended Complaint ("SAC"). (Dkt. 40.) The proposed SAC sought to combine the parties and claims of *Anderson* and *Brekke* actions and name additional name plaintiffs Luke Adelman, Ellese Anderson, Sherri Bradley and Kevin Steinbeck. (*Id.*) On June 30, 2021, the Court granted the parties' stipulation. (Dkt. 41.) That same day, Plaintiffs filed the SAC. (Dkt. 42.)

### 4. Defendant Files A Motion to Dismiss and a Motion to Compel Arbitration

On July 14, 2021, Defendant filed its Partial Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 48.) Defendant's motion to dismiss seeks to dismiss the Second, Third, Fourth, Fifth, Sixth, Eighth and Ninth Causes of Action asserting they are time-barred; the Seventh Cause of Action asserting it is duplicative of other underlying claims; the Tenth Cause of Action asserting it is time-barred or Plaintiffs failed to exhaust their administrative remedies; and an order that Plaintiffs file a Third Amended Complaint specifying which claim Plaintiffs assert each claim and the relevant time period for each claim. [Dkt. 48, Notice of Motion, p. 1.] With the exception of the PAGA claim (Tenth Cause of Action), the motion to dismiss only applies to those plaintiffs who did not enter into arbitration agreements with Defendant. (Dkt. 48, p. 2, fn. 1; see also Dkt. 53, Notice of Motion.) On August 11, 2021, Plaintiffs filed their Opposition. (Dkt. 52.) The hearing on the motion is set for September 16, 2021.

On August 12, 2021, Defendant filed the instant motion to compel arbitration and set the hearing for September 16, 2021, the same day as the motion to dismiss. (Dkt. 53.)

### 5. Defendant's Arbitration Agreement

Defendant's agreement is titled "Starbucks Mutual Arbitration Agreement." (Dkt. 53-5, Ex. D.) Under the section "Arbitration Process and Procedures," the agreement provides for Discovery of Evidence:

"(i) Each party shall be entitled to three interrogatories in a form consistent with Rule 33 of the Federal Rules of Civil Procedure.

(ii) Each party shall be entitled to only 25 requests for production of documents in a form consistent with Rule 34 of the FRCP.

(iii) Each party shall be entitled to a maximum of two eight-hour days of depositions of witnesses in a form consist with Rule 30 of the FRCP."

(Dkt. 53-5, Ex. D, p. 3.)

## III. ARGUMENT

"Under federal law, waiver is 'the intentional relinquishment of a known right.'" *Newirth by and through Newirth v. Aegis Senior Communities LLC*, 931 F.3d 935, 940 (9th Cir. 2019). "The right to arbitration, like other contractual rights, can be waived." *Martin v. Yasuda*, 829 F.3d 1118 (9th Cir. 2016) (citing to *United States v. Park Place Assoc., Ltd.*, 563 F.3d 907, 721 (9th Cir. 2009). "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Martin v. Yasuda*, *supra*, at 1124. "A party that signs a binding arbitration agreement may choose to litigate or arbitrate, but not both. It may not delay seeking arbitration until after the district court rules against it in whole or in part, or 'belatedly change its mind after first electing to proceed in what it believed to be a more favorable forum.'" *Id*. at 1128.

### A. Defendant was Aware of its Contractual Right to Arbitration

In analyzing waiver, the Ninth Circuit considers whether a defendant knew that the parties' agreement contained an arbitration provision. See, *e.g.*, *U.S. v. Park Place Assoc.*, Ltd., 563 F.3d at 921. Here, there is no question that Defendant was aware of its contractual rights to arbitration because it drafted the agreement. Knowledge of a contractual right to arbitrate is imputed to the contract's drafter. *Hoffman v. Constr. Co. v. Active Erectors & Installers, Inc.*, 969 F.2d 796, 798 (9th Cir. 1992). In addition, Defendant's Answer to Plaintiffs' original state court complaint alleged arbitration as its First Affirmative Defense. see *Ambrosio v. Cogent Communications, Inc.*, 2016 WL 4436091, *5 (N.D. Cal. Aug. 5, 2016) (affirmative defense of arbitration found to indicate knowledge). The arbitration agreements were housed in their personnel files and produced to Plaintiffs in discovery. More fundamentally, Defendant filed a motion to compel arbitration where Section II of the motion explains in detail the requirement

that all new hires were required to agree to arbitration as a condition of employment and the process in which an employee assents to the arbitration. *Schwendeman v. Health Carousel*, LLC, 2019 WL 6173164, *4 (N.D. Cal. Nov. 20, 2019) ("[Defendant] clearly knew of its right to compel arbitration, as it filed the present motion to compel arbitration along with a copy of the agreement.")

### B. Defendant Engaged in Acts Inconsistent with Its Right to Arbitration

"There is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate, rather [courts] consider the totality of the parties' actions. *Newirth*, 931 F.3d at 941 (citing *Martin,* 829 F.3d at 1125-1126). "A party's extended silence and delay in moving for arbitration may indicate a 'conscious decision to continue to seek judicial judgment on the merits of the arbitrable claims,' which would be inconsistent with a right to arbitrate." *Martin* at 1125 (citing *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir. 1988). "[The Ninth Circuit] finds this element satisfied when a party chooses to delay his right to compel arbitration by actively litigating his case or to take advantage of being in federal court." *Id*.

#### 1. Defendant Heavily Litigated This Case for Two Years Before Bringing A Motion to Compel Arbitration

Defendant has waited over two years (26 months) since the filing of the original complaint to bring a motion to compel arbitration. See *Martin* at 1126 (finding 17 months to be unreasonable delay); see also *Kelly v. Public Utility Dist. No. of Grant County*, 552 Fed.Appx. 663, 664 (9th Cir. 2014) (finding 11 months to be unreasonable delay); see also *Ambrosio v. Cogent Communications, Inc.*, 2016 WL 4436091, *5 (N.D. Cal. Aug. 5, 2016) (finding 19 months to be unreasonable delay); see also *Jefferson v. Beta Operating Company LLC*, 2020 WL 4781644, *4-5 (C.D. Cal. Aug. 26, 2020) (finding three years in federal court to be unreasonable delay); see also *Ford v. Yasuda*, 2015 WL 3650216, *6 (C.D. Cal. April 29, 2015) (collecting cases).

During this time Defendant actively litigated the case. *Plows v. Rockwell Collins, Inc.*, 812 F.Supp.2d 1063, 1067 (C.D. Cal. 2011). In particular, Defendant removed both *Anderson* and *Brekke* from state court to federal court and met and conferred with Plaintiffs' counsel in relating

the two actions; participated in meetings and scheduling conferences in both state and federal court to establish case management dates; negotiated and/or entered into stipulated protective orders in both state and federal court; conducted extensive discovery beyond what was permitted under the arbitration agreement— in both state and federal court; and, is currently seeking a ruling on the merits via its motion to partially dismiss the SAC. *Id*. at 1067-1068 (finding removal, participating in meetings and scheduling conferences and negotiating and entering into protective orders to be inconsistent with right to arbitrate); *Kelly v. Public Utility Dist. No. 2 of Grant County, supra*, at 664; see also *Ambrosio v. Cogent Communications, Inc.*, *supra*, at *6. As such, Defendant has availed itself of the court system.

### 2. Defendant Availed Itself of the Court's Jurisdiction by Seeking a Decision on the Merits

In evaluating whether a party has engaged in acts inconsistent with its right to arbitrate "[The Ninth Circuit] has generally asked whether a party's actions 'indicate a conscious decision … to seek judicial judgment on the merits of [the] arbitrable claims, which would be inconsistent with a right to arbitrate.' [internal citation omitted] That is, a party acts inconsistently with exercising the right to arbitrate when (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court." *Newirth, supra*, 931 F.3d at 941. Seeking a decision on the merits of a key issue in a case indicates an intentional and strategic decision to take advantage of the judicial forum. *Id*.; see *Van Ness Townhouses v. Mar Industries Corp.*, 862 F.2d 754, 756 (9th Cir. 1988) (waiver found when defendant litigated case for two years including filing a motion to dismiss); see also *Martin v. Yasuda, supra*, at 1126 (waiver found when defendant opted to file motion to dismiss on merits issue rather than motion to compel).

Defendant's motion to dismiss, while deliberately trying to avoid waiving arbitration for plaintiffs subject to an arbitration agreement, nevertheless seeks a merits ruling with respect to James Hancock. (Dkt. 48, Appendix.) Defendant seeks this ruling despite also seeking to compel Hancock to arbitration. (Dkt. 53, Notice of Motion.) Hancock was one of the original plaintiffs in the action and Defendant had nearly two years to compel him to arbitration, but inexplicably

delayed in doing so. Defendant has unquestionably waived its contractual right to arbitrate disputes with Hancock.

### 3. Defendant Engaged in Discovery That Vastly Exceeded What Was Permitted Under the Arbitration Agreement

Conducting extensive discovery is inconsistent with the right to arbitrate. *Martin* at 1067-1068; see also *Plows v. Rockwell Collins, Inc.*, 812 F.Supp.2d 1063, 1067 (C.D. Cal. 2011) (Waiver found where defendant conducted discovery that would not have been available under the arbitration agreement); see also, *Freeney v. Bank of America Corporation*, 2016 WL 5897773, at *5, n.3 (C.D. Cal. Aug. 4, 2016).

In propounding discovery in state *and* federal court, Defendant vastly exceeded what is permitted under the Arbitration Agreement that it drafted and foisted upon its employees. Under the Arbitration Agreement, the parties are permitted limited discovery of three interrogatories, 25 requests for production and two depositions. (Dkt. 53-5, Ex. D, p. 3.) Defendant, however, propounded four sets of discovery to the named plaintiffs in the original complaint and FAC:

- Employment Form Interrogatories that consisted of two requests.[5]
- A set of Special Interrogatories that consisted of 49 requests which is fully 46 interrogatories *more* than what is allowed under the Arbitration Agreement).[6]
- A set of Requests for Production that consisted of 52 requests which is fully 27 requests *more* than what is allowed under the Arbitration Agreement.
- A set of Requests for Admission that consisted of 27 requests which are not even

---

[5] This set of discovery is actually more than two interrogatories in effect. Employment Form Interrogatory 217.1 consists of four subparts (a)-(d) and references a corresponding set of Requests for Admissions. The responding party is required to fully respond to each subpart for each request for admission that is a denial.

[6] Defense counsel's declaration for additional discovery states that the excessive number of interrogatories was "warranted under Section 2030.040 of the Code of Civil Procedure because this is a complex matter with multiple causes of action. It is necessary to discover this information in order to effectively defend this case."

allowed under the Arbitration Agreement.[7] [8]

Upon removing *Anderson* to the Northern District, Defendant propounded more written discovery to all 12 of the named plaintiffs at the time, all of which vastly exceeded what was permitted under the Arbitration Agreement:

- A set of Requests for Production that consisted of 39 requests which is fully 14 requests *more* than what is allowed under the Arbitration Agreement.
- A set of Interrogatories consisting of 24 interrogatories which is fully 21 requests *more* than what is allowed under the Arbitration Agreement.[9]

On October 2, 2020, Anderson, Bellows, Hancock and Lorack served separate responses to Defendant's discovery. (Decl. of Wynne, ¶ 14.) This amount, and type, of discovery would not have been available to Defendant in arbitration and is inconsistent with its contractual right to arbitrate.

To the extent Defendant argues that each of its acts are insufficient to contradict an intent to arbitrate, such a position is meritless. "'The problem with Defendant's argument is that, regardless of whether each of these circumstances is insufficient to show that Defendant acted completely inconsistently with its right to arbitration, they may well be sufficient when considered together.'" *Unitech Composites, Inc. v. Avcorp Indus., Inc.*, No. 18-CV-1399-YY, 2020 WL 9258766, at *2, (D. Or. Apr. 17, 2020) (citing *Johnson Assocs, Corp v. HL Operating Corp.*, 680 F.3d 713, 718-719 (6th Cir. 2012).

**C.     Plaintiffs Have Been Prejudiced by Defendant's Delay in Compelling Arbitration**

"A party is not prejudiced by self-inflicted wounds 'incurred as a direct result of suing in federal court contrary to the provisions of an arbitration agreement.'" *Newirth*, 931 F.3d at 943

---

[7] Plaintiffs Bellows, Butler, Chitry, Denton, Gonzalez, Hyso, Sweeney and Whiter served discovery responses and responsive documents. Defendant withdrew the written discovery propounded to Anderson, Foster, Hancock and Lorack upon the case being removed to federal court. (Decl. of Wynne, ¶ 10.)

[8] Defendant propounded the separate sets of written discovery to each of the named plaintiffs at the time, i.e., Anderson, Bellows, Butler, Chitry, Denton, Foster, Gonzalez, Hancock, Hyso, Lorack, Sweeney and Whiter.

[9] All 12 plaintiffs served separate responses to Defendant's discovery. (Decl. of Wynne, ¶ 14.)

(citing *Martin* at 1126). "A breaching plaintiff may nevertheless show prejudice when the defendant has engaged in acts that are inconsistent with its right to arbitrate [], and the plaintiff has incurred substantial costs due to such inconsistent acts. This prejudice requirement is satisfied when plaintiffs would be forced to 'relitigate an issue on the merits on which they have already litigated in court,' or when defendants have sought *or* 'received an advantage from litigating in federal court that they would not have received in arbitration.'" *Newirth* at 943-944 (citing *Martin* at 1126, 1128). [emphasis added]

### 1. Plaintiffs Have Been Prejudiced by Defendant's Excessive Delay in Compelling Arbitration and Voluminous Discovery That Would Not Have Been Permitted in Arbitration

Plaintiffs have been severely prejudiced as a result of Defendant's litigation conduct across both state and federal court over more than two-years. Plaintiffs filed their action in state court. Defendant answered the complaint. Plaintiffs' counsel engaged Defense counsel and submitted case management statements, propounded discovery and negotiated a protective order (that never was filed due to Defendant's removal). *see, e.g.*, *Plows*, 812 F.Supp.2d at 1068 (prejudice found where plaintiffs participated in case management scheduling, negotiate and file protective orders and respond to discovery). Over the approximately eight months this case was in state court, Defendant availed itself of the court's jurisdiction by propounding voluminous discovery to Plaintiffs well beyond what was available to it in arbitration. *Id*. (finding prejudice because discovery requests exceeded that available in arbitration, and because non-moving party spent thirteen months defending case in court system.) Indeed, Defendant was propounding discovery up until the day before it removed the action to the Northern District.

Following removal, Plaintiffs' counsel conducted a Rule 26(f) conference, met and conferred regarding case management issues (again), negotiated and filed a protective order, and propounded written discovery. See *Martin* at 1128 ("plaintiffs expended considerable money and effort in federal litigation, including conferring with opposing counsel regarding how to conduct the case on the merits, analyzing how to approach discovery and class certification…..") Defendant, again, took advantage of being in court by propounding voluminous discovery to Plaintiffs that vastly exceeded what would be permitted in arbitration and all four Plaintiffs served

responses. see *Martin* at 1128 ("[E]ven if the parties exchanged the same information in court as they would have in arbitration, the process of doing so in federal court likely cost far more than determining the answer to the same question in arbitration."); *Plows* at 1068 (finding prejudice where "Defendant would have, in effect, circumvented the discovery limitations that the arbitration system described in [the contract] meant to impose.") Thus, the discovery propounded from Defendant was certainly not Plaintiffs' "self-inflicted wounds." Rather, Defendant sought to take advantage of federal court by forcing Plaintiffs to expend substantial resources, time and effort litigating discovery issues in *both* state and federal court. "If Defendant had promptly sought to compel arbitration, they would have limited Plaintiffs' prejudice to that which could be expected when a plaintiff files a potentially arbitrable suit in court." *Freeney v. Bank of Am. Corp.*, No. CV 15-2376-JGB-PJWX, 2016 WL 58977732, at *7 (C.D. Cal. Jan. 25, 2017). Compounding the prejudice, Defendant would likely seek to propound additional discovery in arbitration.

### 2. Plaintiff Hancock Is Prejudiced by Defendant's Motion to Dismiss Seeking a Ruling on the Merits of His Claim

Defendant is seeking a ruling regarding Hancock in its motion to dismiss while simultaneously seeking to compel him to arbitration. "[The Ninth Circuit"] and other circuits routinely have found this factor dispositive because the plaintiffs would be prejudiced if the defendants got a mulligan on a legal issue it chose to litigate in court and lost. *Martin* at 1128 (citing to *Kelly*, 552 Fed.Appx. at 664 ("A late shift to an arbitrator would force the parties to bear the expense of educating arbitrators and threaten to require the appellees to relitigate matters by the district judge.")). That is exactly what Defendant is attempting here. It is attempting to have this Court adjudicate a merits issue with respect to Hancock yet also give itself another bite at the apple if it were to lose but prevail in compelling him to arbitration. This is clearly prejudicial to Hancock as he will likely have to contest the same motion if he were compelled to arbitration. *See, e.g., Martin* at 1128 (collecting cases).

### 3. Plaintiffs Are Further Prejudiced Because Defendant's Delay in Compelling Arbitration Affected Their Litigation Strategy

Plaintiffs are further prejudiced by Defendant's over two-year delay in compelling

arbitration because it has affected their litigation strategy. Defendant could have attempted to compel Plaintiffs to arbitration years ago at the outset of the litigation. When Defendant failed to do so, Plaintiffs proceeded reasonably assuming Defendant was not compelling them to arbitration. Plaintiffs would have made "different choices concerning the litigation strategy of the case than [they] would have made if [they] had known that the case was going to proceed in arbitration." *Plows* at 1068; *see also In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices & Products Liab. Litig.*, 828 F.Supp. 2d 1150, 1165 (C.D. Cal. 2011), aff'd sub nom. *Kramer Toyota Motor Corp.*, 705 F.3d 1122 (9th Cir. 2013) (prejudice found when delay invocation of arbitration rights because party committed to litigation strategy in federal court.); *see also Hoffman Constr. Co. of Oregon v. Active Erectors and Installers, Inc.*, 969 F.2d 796, 799 (9th Cir. 1992) (finding "staleness of the claim… subjection of plaintiff to the litigation process…the discovery process, the expense of litigation," resulted in apparent prejudice.)

### IV.  CONCLUSION

Based on the foregoing, Plaintiffs Elizabeth Anderson, Jeffrey Bellows, James Hancock and Eric Lorack respectfully request the Court deny Defendant's motion to compel them to arbitration.

Dated:  August 26, 2021                                            WYNNE LAW FIRM

                                                                   */s/Edward J. Wynne*
                                                                   Edward J. Wynne
                                                                   Attorneys for Plaintiffs