**AKIN GUMP STRAUSS HAUER & FELD LLP**
GREGORY W. KNOPP (SBN 237615)
JONATHAN P. SLOWIK (SBN 287635)
LAURA L. VAUGHN (SBN 329470)
gknopp@akingump.com
jpslowik@akingump.com
vaughnl@akingump.com
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
Telephone: 310-229-1000
Facsimile: 310-229-1001

Attorneys for Defendant
Starbucks Corporation

Additional counsel on following page

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Luke Adelman, Elizabeth Anderson, Ellesse Anderson, Jeffrey Bellows, Sherri Bradley, Amanda Brekke, Katherine Butler, Cheyenne Chitry, Christina Denton, Jacqueline Foster, Omar Garland, Jorge Gonzalez, James Hancock, Donnie Hyso, Erik Lorack, Casey McKay, Hannah Rothschild, Jordone Shane-Sanchez, Kevin Steinbeck, Cassandra Sweeney and Michael Whiter, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>Starbucks Corporation and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 3:20-cv-01178-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date: September 16, 2021<br>Time: 10:00 AM<br>Location: Courtroom 11, 19th Floor<br><br>Removal Filed: February 14, 2020<br>Trial Date: None Set<br>Judge: Hon. James Donato |

GREGG I. SHAVITZ (*pro hac vice*)
gshavitz@shavitzlaw.com
CAMAR JONES (*pro hac vice*)
cjones@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Ste. 285
Boca Raton, FL 33431
Telephone    (561) 447-8888
Facsimile    (561) 447-8831

EDWARD J. WYNNE, SBN 165819
ewynne@wynnelawfirm.com
GEORGE R. NEMIROFF, SBN 262058
gnemiroff@wynnelawfirm.com
WYNNE LAW FIRM
100 Drakes Landing Road, Ste. 275
Greenbrae, CA 94904
Telephone: (415) 461-6400
Facsimile: (415) 461-3900

Attorneys for Plaintiffs

# JOINT CASE MANAGEMENT STATEMENT

Plaintiffs Luke Adelman, Elizabeth Anderson, Ellesse Anderson, Jeffrey Bellows, Sherri Bradley, Amanda Brekke, Katherine Butler, Cheyenne Chitry, Christina Denton, Jacqueline Foster, Omar Garland, Jorge Gonzalez, James Hancock, Donnie Hyso, Erik Lorack, Casey McKay, Hannah Rothschild, Jordone Shane-Sanchez, Kevin Steinbeck, Cassandra Sweeney and Michael Whiter ("Plaintiffs") and Defendant Starbucks Corporation (collectively referred to herein as the "Parties") respectfully submit this Joint Case Management Statement pursuant to the Court's Order of July 15, 2021 setting a case management conference for September 16, 2021. Dkt. 49. Based upon an email/telephonic meet and confer held between counsel, the parties state as follows:

## 1. JURISDICTION & SERVICE

All parties have been served and answered the original Complaint. On March 13, 2020, Plaintiffs filed a Motion for Remand. Dkt. 16. On December 31, 2020, the Court denied the Motion to Remand. Dkt. 29. Subsequently, on March 5, 2021, Plaintiffs filed an administrative motion to consider whether this case should be related to *Brekke, et al., v. Starbucks Corporation*, N.D. Cal. Case 3:21-cv-00751-VC. On March 22, 2021 the Court entered an Order finding the cases to be related and assigning both cases to this Court. Dkt. 37. On June 28, 2021, the parties submitted a stipulation to Plaintiffs filing a Second Amended Complaint and dismissing *Brekke* without prejudice, which was granted on June 30, 2021. Dkt. 40-41. On June 30, 2021, Plaintiffs filed their Second Amended Complaint in which the parties and claims in the two related cases have been consolidated. Dkt. 42. This Case Management Statement is submitted as to the Second Amended Complaint as the operative pleading.

## 2. FACTS

### A. Plaintiffs' Statement

The action was brought by Plaintiffs as a putative class action pursuant to Fed.R.Civ.P. 23 on behalf of themselves and all other employees that Defendant employed as Assistant Store Managers or Store Managers (collectively, "Managers") in California from June 27, 2015 through the present as well as a representative action pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code § 2698, *et seq*. The operative complaint, the Second Amended

Complaint ("SAC"), alleges Defendant: 1) failed to reimburse Managers for reasonable and necessary business expenses related to the use of their cell phones and/or personal mobile devices, including talk/text/data plans, used in the course of performing their duties in violation of California law; 2) failed to pay Managers for all hours worked, specifically for work performed "off the clock" prior and subsequent to their scheduled shift and during interrupted meal breaks; 3) failed to pay Managers at the required minimum wage for all hours worked for Defendant; 4) failed to pay Managers at the required overtime rate for all hours worked in excess of 8 hours a day or 40 hours a week; 5) failed to provide Managers with a first meal period of not less than 30 minutes during which they are relieved of all duty before working more than five hours, and a second duty-free meal period of not less than 30 minutes before working more than 10 hours per day; 6) failed to authorize and permit Managers to take one 10-minute rest period for every 4 hours worked, or a portion thereof, which insofar as practicable shall be in the middle of each work period; 7) failed to provide Managers with accurate itemized wage statements as required by California law; and 8) failed to pay Managers their wages when due under California law after their employment with Defendant ends. Additionally, Plaintiffs contend that such practice is an unfair business practice and violates California Business and Professions Code section 17200, *et seq*. Plaintiffs also seek civil penalties for the Labor Code violations on behalf of themselves and other allegedly aggrieved employees pursuant to PAGA.

### B. Defendant's Statement

All of the claims depend on Plaintiffs' allegations that Starbucks required Plaintiffs to use their personal mobile telephones for work purposes and then denied them reimbursement for any related expenses and failed to pay for the time at issue. Starbucks denies that it is liable to Plaintiffs or the putative class members/alleged aggrieved employees for any of the conduct alleged in the SAC. Starbucks maintains that it (1) properly reimbursed Store Managers and Assistant Store Managers for reasonable and necessary business expenses related to the use of their cell phones and/or personal mobile devices; 2) paid Store Managers and Assistant Store Managers for all hours worked; 3) paid Store Managers and Assistant Store Managers at the required minimum wage for all hours worked; 4) paid Store Managers and Assistant Store Managers at the

required overtime rate for all hours worked in excess of 8 hours a day or 40 hours a week; 5) provided Store Managers and Assistant Store Managers with compliant meal periods; 6) authorized and permitted Store Managers and Assistant Store Managers to take compliant rest periods; 7) provided Store Managers and Assistant Store Managers with accurate itemized wage statements as required by California law; and 8) paid Store Managers and Assistant Store Managers all wages due under California law after their employment ended. Starbucks further denies that it engaged in unfair business practices.

Starbucks also contends that Plaintiffs' claims are not suitable for class treatment or representative treatment under PAGA. The members of Plaintiffs' proposed class worked in more than 2,200 different locations across California, which may have differing working conditions with respect to the use of personal mobile devices, which is at the heart of Plaintiffs' complaint. A determination as to whether Starbucks committed any of the alleged violations will require, at a minimum, individual inquiries into the circumstances of thousands of employees. Moreover, Store Managers and Assistant Store Managers are not in similar positions within the store (for example, the Store Manager supervises the Assistant Store Manager), so, they are not similarly situated and their claims must be analyzed separately.

## 3. LEGAL ISSUES

The central disputed points of law are: 1) whether Defendant failed to reimburse Plaintiffs or other Managers for any reasonable and necessary expenses related to the use of personal cell phones or personal mobile devices during the course of performing their work duties; 2) whether Defendant failed to pay Plaintiffs and other Managers for all hours worked, including payment at the appropriate minimum wage and/or overtime rate; and 3) whether Defendant provided Plaintiffs and other Managers with sufficient meal breaks and rest periods. Additional disputed issues include whether this action can be maintained as a class action or representative action under PAGA.

## 4. MOTIONS

### A. Prior Motions

On March 13, 2020, Plaintiffs in Case No. 3:20-cv-01178-JD filed a Motion to Remand the

case back to California Superior Court. Dkt. 13. On December 31, 2020, the Court denied the Motion to Remand. Dkt. 29.

On October 12, 2020, Plaintiffs in Case No. 3:20-cv-01178-JD filed a discovery letter brief seeking to compel discovery from Defendant. Dkt. 23. On January 5, 2021, the Court granted Plaintiff's motion to compel ordering Defendant to respond to Plaintiffs' discovery. Dkt. 30.

### B.    Pending Motions

On July 14, 2021, Starbucks filed a partial motion to dismiss Plaintiffs' SAC. On August 12, 2021, Starbucks filed a motion to compel Plaintiffs Elizabeth Anderson, Jeffrey Bellows, Sherri Bradley, Amanda Brekke, Omar Garland, James Hancock, Erik Lorack, Casey McKay, Jordone Shane-Sanchez, Kevin Steinbeck to pursue their non-PAGA claims in arbitration. Both motions are scheduled to be heard on September 16, 2021.

### C.    Anticipated Motions

#### Plaintiffs:

Plaintiffs intend to file a motion for class certification to certify the proposed class. Plaintiffs may file a motion for summary judgment and/or partial summary judgment if the facts and evidence warrant it.

#### Defendant:

Starbucks reserves its right to move for summary judgment and/or partial summary judgment, or to deny class or representative treatment.

## 5.  AMENDMENT OF PLEADINGS

The deadline to amend the pleadings has passed.

## 6.  EVIDENCE PRESERVATION

The Parties have reviewed the *Guidelines Relating to the Discovery of Electronically Stored Information* ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action and have taken steps to preserve relevant evidence. While the Parties do not presently anticipate that this case will involve complicated issues related to ESI, they will resort to the ESI Guidelines as necessary.

## 7. DISCLOSURES

The Parties in Case No. 3:20-cv-01178-JD have conducted a Rule 26(f) conference and exchanged initial disclosures on the claims related to that case. On May 26, 2020, Defendant and Plaintiffs exchanged initial disclosures. Thereafter, Defendant requested Plaintiffs supplement their disclosure for each of the named plaintiffs. Plaintiffs' counsel complied with this request. In the supplemental disclosures, Plaintiffs disclosed the identity of witnesses, including their district manager(s) and other Starbucks employees with whom they communicated with using their mobile devices outside of scheduled work times. Plaintiffs have also disclosed categories of documents including personnel and payroll documents, documents reflecting job expectations and activities, and documents reflecting unreimbursed business expenses incurred. Lastly, Plaintiffs disclosed categories of damages, including unreimbursed business expenses, interest, penalties and attorneys' fees and costs.

The Parties plan to complete Initial Disclosures as to the remaining claims in the SAC after Starbucks partial motion to dismiss is decided.

## 8. DISCOVERY

### A. Discovery to Date

#### 1. Plaintiffs

To date, Plaintiffs have propounded two consolidated written discovery sets on Defendant: 1) Plaintiffs' First Set of Requests for Production of Documents to Defendant Starbucks Corporation and 2) Plaintiffs' First Set of Interrogatories to Defendant Starbucks Corporation. Defendant produced deficient responses on July 27, 2020. On October 12, 2020, Plaintiffs moved to compel Defendant to produce documents and further responses. Dkt. 23. The Court granted the motion to compel on January 5, 2021. Dkt. 30. Plaintiffs will propound additional written discovery as to the additional claims and issues raised in the SAC. Plaintiffs intend to notice and take the depositions of Defendant's Fed.R.Civ.P. Rule 30(b)(6) corporate designee(s), managers, and other percipient witnesses.

#### 2. Defendant

To date, Starbucks has propounded the following sets of written discovery on Elizabeth

Anderson, Jeffrey Bellows, Katherine Butler, Christina Denton, Jacqueline Foster, Jorge Gonzalez, James Hancock, Donnie Hyso, Erik Lorack, Cassandra Sweeney, Michael Whiter: (1) Interrogatories, Set One; and (2) Request for Production of Documents, Set One.  Starbucks intends to serve similar written discovery for the new plaintiffs named in the SAC (to the extent their claims survive a motion to dismiss) and the new causes of action asserted in the SAC. Starbucks anticipates taking the deposition of named Plaintiffs and potentially taking the depositions of putative class members who testify in support of Plaintiffs' claims.

### B.      Limitations / Modifications on Discovery

The Parties do not presently anticipate any changes in the timing, form or requirements for disclosures under Federal Rule 26(a) with exception of any changes the Court may make to the schedule in the light of the ongoing COVID-19 pandemic.

#### 1.      Plaintiffs

Plaintiffs oppose phasing or bifurcating discovery. Artificial demarcations between "class" and "merits" discovery inevitably leads to unnecessary and time-consuming discovery disputes for no appreciable benefit. As the *Manual For Complex Litigation* advises, "matters relevant to [a motion for class certification] may be so intertwined with the merits that targeting discovery would be inefficient." *Herr, Manual for Complex Litigation*, Fourth, § 11.423, p. 75. Consistent with this approach, the Advisory Notes to Fed.R.Civ.P. 23 cautions parties to avoid, "forcing an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.'" Fed.R.Civ.P. 23(c)(1), 2003 Advisory Committee Notes.

While Plaintiffs intend to focus their discovery on what they need to establish class certification, placing arbitrary and subjective limitations on "class" versus "merits" discovery will only serve to delay these proceedings as the parties will invariably disagree about whether a particular discovery request or question falls into one category or another. The Court must assume that experienced counsel will not engage in wasteful or unnecessary discovery.

#### 2.      Defendant

Starbucks does not request any formal bifurcation between class and merits discovery. However, Starbucks anticipates that prior to class certification, discovery will focus on class

certification issues and the merits of Plaintiffs' individual claims, and that in the event a class is certified, discovery will then focus on the merits of Plaintiffs' claims and potential damages. Discovery with respect to the PAGA claims should follow the same pattern, until the Court determines whether Plaintiffs' PAGA claims, as alleged, can manageably be tried.

### C. Electronically Stored Information

The Parties do not anticipate that the electronically stored information will include trade secrets or other highly confidential information. Therefore, the Parties intend to address issues of confidentiality as they arise. As noted above, the Court granted the Parties' Stipulated Protective Order.

### D. Identified Discovery Disputes

At this time the Parties are not aware of any discovery disputes. Plaintiffs continue to meet and confer with Defendant regarding their discovery responses and documents served on October 2, 2020.

## 9. CLASS ACTIONS

Counsel for the Parties have reviewed the Procedural Guidance for Class Action Settlement. The Parties have not met and conferred about a proposed briefing schedule for Plaintiff's motion for class certification. The Parties agree to continue to discuss timelines for Plaintiffs' motion for class certification, and agree that the briefing and hearing on the motion is best set following initial written and deposition discovery.

### A. Plaintiffs

Plaintiffs assert that the proposed class is suitable for class treatment under Fed.R.Civ.P. Rule 23(b)(3). In particular, Plaintiffs can meet the elements to certify the proposed class because the class is sufficiently numerous that joinder of all members of the Class is impracticable; there are questions of law and fact that are common to Plaintiffs and the proposed class that predominate over questions affecting individual members; Plaintiffs' claims are typical of the claims of the class; and, Plaintiffs are members of the class and will fairly and adequately represent and protect the interests of the class members, nor do their interests conflict with those of class members. Lastly, a class action is superior to other available means for the fair an efficient adjudication of

this controversy. Plaintiffs have also alleged a PAGA claim. Regardless of the outcome at class certification, this case will proceed to trial on a representative basis.

### B.     Defendant

Starbucks disputes that this case is suitable for class treatment under Rule 23 and will oppose any motion for certification.  Starbucks contends there are not questions of law and fact common to the alleged class, the claims of the representative plaintiffs are not typical of the claims of the proposed class, and the representatives will not fairly and adequately protect the interests of the proposed class. Questions affecting only individual members predominate over any questions of law or fact, if any, common to the putative class members and a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.  Starbucks believes discovery will show that there is no similarly situated class of putative members who can be properly certified as a class.

## 10.  RELATED CASES

As stated above, Plaintiffs previously identified *Brekke, et al. v. Starbucks Corporation*, Case No. 4:21-cv-00751-VC as a related case, and the Court issued an Order identifying *Brekke* as a related case.  In light of the consolidation of clams in the SAC, the parties stipulated to the dismissal of *Brekke* without prejudice.

Other related cases include:

1)  *Harisis v. Starbucks Corporation*, Case No. 20-STCV11290 pending in Los Angeles County Superior Court, which asserts a PAGA claim on behalf of all non-exempt Starbucks store partners in California since February 5, 2019. *Harisis* asserts clams that Starbucks failed to reimburse store partners for business expenses, and failed to timely pay final wages and provide accurate wage statements.

2)   *Valdez v. Starbucks Corporation,* Case No. PSC1908409 pending in Riverside County Superior Court, which asserts claims under PAGA for failure to timely pay final wages and provide accurate wage statements on behalf of all Starbucks non-exempt employees.

3)  *Turner v. Starbucks Corp.*, Case No. S-CV-0045163, pending in Placer County

Superior Court, is a PAGA action brought on behalf of all nonexempt California partners from May 4, 2019 to present. *Turner* alleges that Starbucks required store partners to work off-the-clock, failed to reimburse store partners for business expenses, and failed to timely pay final wages and provide accurate wage statements.

4) *Connelly v. Starbucks Corporation*, Case No. 1:21-cv-00746-DAD-SAB, pending in the United States District Court for the Eastern District of California, is a class and representative action alleging that Starbucks failed to provide store partners with accurate itemized wage statements.

## 11. RELIEF

### A. Plaintiffs

Plaintiffs assert that they have incurred compensable damages and/or restitution in the form of unreimbursed business expenses, unpaid wages, and are entitled to penalties and interest for these and the other violations asserted in the SAC. Plaintiffs further request that the Court grant Plaintiffs' their attorneys' fees and costs incurred in prosecuting this action pursuant to the California Labor Code. Plaintiffs further request the Court grant any further relief that the Court deems just and proper.

### B. Defendant

Starbucks denies that Plaintiffs and/or any of the putative class members or alleged "aggrieved employees" have suffered any compensable damages or are entitled to any relief. Starbucks further requests that the Court grant Defendant's costs and attorneys' fees; that class certification be denied; and that the Court grant Defendants such other and further relief that the Court deems just and proper.

## 12. SETTLEMENT AND ADR

The Parties would benefit from additional time to discuss resolving this case through private mediation. The Parties will be in a better position to discuss any ADR options once discovery is more developed in the case.

## 13. CONSENT TO MAGISTRATE

Defendant declined to consent to a magistrate judge in both matters prior to the

consolidation of the claims in the SAC. Case No. 3:20-cv-01178-JD, Dkt. 6; Case 3:21-cv-00751-VC, Dkt. 15.

### 14. OTHER REFERENCES

At this time, the Parties do not believe the case is suitable for reference to binding arbitration, to a special master, or to the Judicial Panel on Multidistrict Litigation.

Several named Plaintiffs entered into arbitration agreements with class action waivers, and Starbucks has moved to compel those Plaintiffs' claims to arbitration. Starbucks anticipates that many putative class members are also subject to arbitration agreements with class waivers, which will create individualized proof and manageability issues.

### 15. NARROWING OF ISSUES

This case involves narrow legal issues and the Parties agree that it is premature for the Parties to determine which material facts or legal issues in this matter will be resolved by stipulation, if any.

### 16. EXPEDITED TRIAL PROCEDURE

The Parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64.

### 17. SCHEDULING

The Parties have met and conferred on a proposed case schedule and recognize that Judge Donato's Standing Order requests a proposed case schedule based on a trial date that is no more than 18 months from the initial case management conference. Given the present uncertainties, delays, and backlogs relating to the COVID-19 pandemic, the Parties are unable to make a reasonable projection regarding trial and seek the Court's guidance on a proposed trial schedule.

Additionally, Starbucks proposes the following deadlines:

- April 21, 2022 – Deadline for Plaintiffs to file motion for class certification
- June 2, 2022 – Deadline for Starbucks to file opposition to motion for class certification
- June 23, 2022 – Deadline for Plaintiffs to file reply in support of motion for class certification

- July 24, 2022 – Class certification hearing

## 18. TRIAL

The parties anticipate that trial in this matter will last approximately 12-15 (twelve to fifteen) days in the event that a class is certified. Starbucks reserves the right to contend that each Plaintiff's claims should be tried individually in the event that the Court denies class certification. Starbucks estimates that individual trials would last 2 days.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A. Plaintiffs

Plaintiffs have no non-party interested entities or persons to report.

### B. Defendant

Defendant filed a certification of interested entities or persons in these matters prior to the consolidation of claims in the SAC. Case No. 3:20-cv-01178-JD, Dkt. 3; Case 3:21-cv-00751-VC, Dkt. 3.

## 20. PROFESSIONAL CONDUCT

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 21. OTHER

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of the instant action.

DATED: September 9, 2021

WYNNE LAW FIRM

By: /s/ Edward J. Wynne
    EDWARD J. WYNNE
    GEORGE R. NEMIROFF

Attorneys for Plaintiffs

DATED: September 9, 2021

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Gregory W. Knopp
    GREGORY W. KNOPP

Attorneys for Defendant
STARBUCKS CORPORATION

**ECF FILING ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that the concurrence in the filing of this documents has been obtained from each of the other signatories thereto.

DATED:  September 9, 2021

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ *Gregory W. Knopp*
 Gregory W. Knopp

Attorneys for Defendant

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

DATED: _____          _____
                                                                    Hon. James Donato
                                                                    United States District Court