UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH ANDERSON, et al. individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>STARBUCKS CORPORATION,<br><br>   Defendant. | Case No.  20-cv-01178-JD<br><br>**ORDER RE ARBITRATION**<br><br>Re: Dkt. No. 53 |

Two years after plaintiffs filed this California wage and hour class action in the Alameda County Superior Court in 2019, defendant Starbucks Corporation seeks to compel arbitration of the non-PAGA (California Labor Code Private Attorney General's Act of 2004, §§ 2699 *et eq.*) claims of 10 named plaintiffs:  Elizabeth Anderson, Jeffrey Bellows, James Hancock, Eric Lorack, Amanda Brekke, Casey McKay, Jordone Shane-Sanchez, Sherri Bradley, Kevin Steinbeck, and Omar Garland.  Dkt. No. 53 at 1.  Starbucks does not seek arbitration for the remaining 11 named plaintiffs.  *Id.*  For reasons that are not clear to the Court, plaintiffs Brekke, McKay, Shane-Sanchez, Bradley, Steinbeck, and Garland do not oppose Starbucks' request.  *See* Dkt. No. 55 at 1 n.1.  Those individuals have in effect voluntarily elected to arbitrate all of their non-PAGA claims, and they will not serve as named plaintiffs for the putative class.

Arbitration is denied for the plaintiffs who have opposed it, namely Anderson, Bellows, Hancock, and Lorack.  Dkt. No. 55 at 1.  The reason for the denial is straightforward.  Starbucks is a day late and dollar short in asking for arbitration after actively litigating this case for two years in state and federal court.

1    The salient facts are undisputed. Starbucks has had an arbitration agreement in its
2    employment contracts since 2014. Dkt. No. 53-1 (Daly Decl.) ¶ 2. Hancock and Lorack signed
3    the arbitration agreement in September and May 2015, respectively. Dkt. No. 53-13 at 2; Dkt. No.
4    53-14 at 2. Anderson and Bellows signed the arbitration agreement in November 2016. Dkt. No.
5    53-16 at 2; Dkt. No. 53-15 at 2. Bellows, Hancock, and Lorack were named plaintiffs in the
6    original action filed in state court in August 2019. Dkt. No. 1-2. Anderson was added as a named
7    plaintiff in October 2019. Dkt. No. 1-3.

8    The parties actively litigated the case in state court. Among other events, Starbucks filed
9    an answer to the original complaint, which expressly noted arbitration as an affirmative defense.
10   Dkt. No. 1-4. Even so, Starbucks did not seek to compel arbitration. Counsel for the parties
11   conferred about designating the action as a complex case under California court rules. Dkt. No.
12   55-1 ¶ 3 (Wynne Decl.). Plaintiffs served substantive written discovery. *Id.* ¶¶ 4, 12. Starbucks
13   served objections, met and conferred with plaintiffs about the discovery, and produced documents.
14   *Id.* ¶¶ 5-6, 11. The parties stipulated to a protective order. *Id.* ¶ 7. Starbucks served its own
15   substantive discovery requests on plaintiffs for document production, interrogatories, and requests
16   for admissions. *Id.* ¶¶ 9, 14. Plaintiffs served responses. *Id.* ¶ 10.

17   In February 2020, Starbucks filed a notice of removal of the case to this Court under the
18   Class Action Fairness Act, 28 U.S.C. § 1332(d). Dkt. No. 1. Starbucks expressly based removal
19   on evidence it had acquired during discovery in state court. *See id*. at 2-3. In opposing plaintiffs'
20   motion to remand, Starbucks again relied substantially on evidence collected during discovery,
21   including interrogatory responses about monthly work-related expenses for which plaintiffs
22   alleged a failure to reimburse. *See* Dkt. No. 16 at 5-6. Although the removal notice was filed
23   more than 30 days after Starbucks had notice of the case, the Court concluded that the removal
24   was timely because Starbucks "first ascertained" removability after receiving plaintiffs' discovery
25   responses. Dkt. No. 29 at 2. The Court also concluded that removal was proper under CAFA.
26   *See id.* at 1.

27   After removal and while the remand motion was pending, the parties continued to actively
28   litigate the case in this Court. They again served substantive discovery requests on each other.

They filed letter briefs with the Court about a discovery dispute. *See* Dkt. Nos. 23, 26. The essence of the dispute was that Starbucks declined to respond to discovery served after removal because a remand motion was pending. Starbucks expressly stated that "the parties conducted significant discovery in State Court," and that it would respond to the federal discovery after the remand motion was decided. Dkt. No. 26 at 1. Starbucks never mentioned arbitration or a motion to compel in connection with the discovery dispute.

The parties also entered into a stipulated protective order, which the Court approved, Dkt. No. 24, and appeared at a case management conference on February 25, 2021, Dkt. No. 34. For this conference, Starbucks filed a joint case management statement that made no mention of arbitration or a motion to compel in the "Defendant's Statement" or "Anticipated Motions" sections. Dkt. No. 32 at 3-4. The only reference to arbitration in the joint statement was in the "Other References" section, where Starbucks made a passing mention of class waivers in some class members' agreements in connection with class certification proceedings. *Id*. at 9.

A second case management conference was scheduled following the relation and consolidation of another case with the one pending before this Court. Starbucks stipulated to the filing of a consolidated second amended complaint. Dkt. Nos. 40, 41. In a second joint case management statement, Starbucks again made no mention of arbitration or a motion to compel in the "Defendant's Statement" or "Anticipated Motions" sections. Dkt. No. 44 at 3-4. It again made only a passing reference to arbitration in the "Other References" section with respect to class certification. *Id*. at 11. Although the parties did not agree to specific case management dates, Starbucks itself proposed deadlines for class certification proceedings, but offered no dates for a motion to compel arbitration. *Id*. at 12.

Shortly after the filing of the second joint case management conference statement, Starbucks filed a motion to dismiss several claims on statute of limitations and administrative exhaustion grounds, among other arguments. Dkt. No. 48. Plaintiffs opposed the motion, and Starbucks filed a reply. Dkt. Nos. 52, 54.

Starbucks did not make a serious effort to seek arbitration until it filed the present motion to compel approximately 26 months after plaintiffs first sued in the Alameda Superior Court. Dkt.

3

No. 53. Plaintiffs' main argument in opposition is that Starbucks has waived arbitration. Dkt. No. 55.

Overall, the record amply demonstrates that Starbucks acted for two years in a manner inconsistent with arbitration, and has waived any right to demand it now. To be sure, there is a "liberal federal policy favoring arbitration," *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011), and a court may decline to enforce an arbitration clause only on "generally applicable contract defenses," and not out of a hostility to arbitration as a forum, *Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, --- U.S. ---, 137 S.Ct. 1421, 1426 (2017) (quotation and citation omitted). Even so, the "right to arbitration, like other contract rights, can be waived." *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016). A "party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration from such inconsistent acts." *Id*. (quotation omitted). The "party arguing waiver of arbitration bears a heavy burden of proof." *Id*. (quotation omitted); *see also Smith v. SMX, LLC*, No. 18-CV-01903-JD, 2019 WL 720984, at *1 (N.D. Cal. Feb. 20, 2019) (same).

Although Starbucks' arbitration agreement has language indicating delegation of some arbitrability disputes to the arbitrator, it did not expressly delegate the question of waiver, and the Court will decide the issue based on federal law. *See Martin*, 829 F.3d at 1124 ("[w]e have made clear that courts generally decide whether a party has waived [its] right to arbitration by litigation conduct."); *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1270 (9th Cir. 2002) (applying federal law). Neither party here argues for a different outcome, or says that the delegation clause includes "clear and unmistakable language" sending waiver to an arbitrator. *Martin*, 829 F.3d at 1124.

Starbucks does not suggest that it was unaware of its own arbitration agreements with the named plaintiffs, which pre-dated the filing of the original complaint in state court. Consequently, the elements in issue are whether Starbucks acted inconsistently with its right to arbitration, and whether that conduct prejudiced plaintiffs.

"There is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate." *Martin*, 829 F.3d at 1125. The question of waiver turns on

4

the "totality" of the actions by the party seeking to compel arbitration, including its "extended silence and delay in moving for arbitration," and its conduct in actively litigating a case in court. *Id.* at 1125-26.

By these measures, Starbucks manifestly waived any right to compel arbitration. It waited for almost two years before moving to compel, despite knowing of the arbitration clauses in its own contracts with certain of the named plaintiffs. Starbucks never said why this untoward delay should be excused, and the record gives no indication that a good reason exists for overlooking it. It may be, as Starbucks suggests, that it sprinkled a few references to arbitration in some docket filings, but such placeholder "statement[s] by a party that it has a right to arbitration in pleadings or motions is not enough to defeat a claim of waiver." *Martin*, 829 F.3d at 1125 (citing *Hooper v. Advance Am. Cash Advance Ctrs. of Missouri, Inc.*, 589 F.3d 917, 923 (8th Cir. 2009) ("A reservation of rights is not an assertion of rights.")).

Starbucks also does not square its active and vigorous litigation of the case in state and federal court with a preservation of a right to arbitration. As detailed above, at every turn, Starbucks engaged in substantive discovery, case management, and motion practice. This is not at all situation in which a defendant did the bare minimum in court while pressing a prompt demand for arbitration. To the contrary, Starbucks litigated the case for two years as if arbitration were not an option.

These circumstances are a far cry from the ones in the cases Starbucks cites for denial of waiver. For example, Starbucks relies on *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907 (9th Cir. 2009), for the proposition that waiver cannot be found even if meaningful discovery has taken place. *See* Dkt. No. 56 at 7. That overreads *Park Place*. The party seeking arbitration in that case sought to compel it early in the litigation, sought to stay litigation pending arbitration, and raised an arbitration demand in multiple forums. *Park Place*, 563 F.3d at 921. Starbucks did nothing of the sort here. This case is far more akin to *Martin*, where the circuit court had no trouble finding waiver on a record of a seventeen-month delay in seeking to compel arbitration, during which time the parties actively engaged in discovery and other litigation conduct. *See Martin*, 829 F.3d at 1126.

5

The question of prejudice to plaintiffs is also readily decided against Starbucks. A finding of prejudice is by no means "automatic" from delay and inconsistent conduct. *Martin*, 829 F.3d at 1126. Even so, "[s]pending a lengthy amount of time litigating in the more complex federal court system with its rigorous procedural and substantive rules will almost inevitably cause the parties to expend more time, money, and effort than had they proceeded directly to arbitration." *Id*. at 1127. This is true "even if the parties exchanged the same information in court as they would have in arbitration" because "the process of doing so in federal court likely cost far more" than in arbitration. *Id*. at 1128. These indicia of prejudice are all the more forceful here because Starbucks put plaintiffs through discovery and other litigation conduct in two courts -- state and federal -- and openly acknowledged that the discovery was "substantial." Dkt. No. 26 at 1.

Consequently, Starbucks has waived the right to seek arbitration of the claims by named plaintiffs Anderson, Bellows, Hancock, and Lorack.

**IT IS SO ORDERED.**

Dated: March 16, 2022

JAMES DONATO
United States District Judge