UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH ANDERSON, et al., individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

STARBUCKS CORPORATION,

    Defendant.

Case No. 20-cv-01178-JD

**ORDER RE MOTION TO DISMISS**

Re: Dkt. No. 48

This order resolves defendant Starbucks Corporation's motion to dismiss. Dkt. No. 48. The parties' familiarity with the record is assumed.

1.     <u>Limitations and Relation Back</u>

Dismissal on timeliness grounds is denied.[1] The claims in the SAC relate back to the original complaint, Dkt. No. 1-2, which was filed in the Alameda County Superior Court on June 27, 2019. "An amendment to a pleading relates back to the date of the original pleading" when the amendment asserts a claim that "arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." Fed. R. Civ. P. 15(c). The "relation back doctrine is to be liberally applied," because the purpose of Rule 15(c) "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1005 (9th Cir. 2014) (internal quotation and citation omitted). A "plaintiff need only plead the general conduct, transaction, or occurrence to preserve its claims against a defendant. The exact contours of those claims -- the facts that will ultimately be alleged and the final scope of relief that will be sought -- can and should be sorted out through later discovery and amendments to the pleadings." *Id.* at 1006.

The allegations and claims in the SAC are well within and related to the original complaint. Starbucks has not shown otherwise, and the cases it relies upon are distinguishable on

---

[1] A chart at Dkt. No. 48, ECF pp. 20-21, identifies the named plaintiffs said to be subject to dismissal as untimely.

the facts. *See, e.g.*, *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (compensation discrimination claim did not relate back to promotion discrimination claim because it was a "new legal theory depending on different facts, not a new legal theory depending on the same facts."). The Court declines to take up at the pleadings motion stage Starbucks' suggestion that some of the named plaintiffs' claims may be outside the applicable statutes of limitations. *See Smith v. Fidelity Workplace Servs. LLC*, Case No. 21-cv-03941 JD, 2022 WL 612665, at * 2 (N.D. Cal., March 1, 2022). Starbucks may renew the request on summary judgment as warranted by the record.

2. Duplicative Recovery

Starbucks' concerns about a duplicative recovery with respect to the wage statement and unpaid wages claims, Dkt. No. 48 at 11-12, is also denied as premature. Plaintiffs may plead alternative theories of liability under Federal Rule of Civil Procedure 8(d)(2). In any event, the Court will address the measure of recovery as warranted by developments in the case, and an impermissible double recovery will not be permitted.

3. PAGA

Starbucks says that several named plaintiffs did not allege compliance with PAGA's administrative exhaustion requirements. *See* Cal. Lab. Code § 2699.3(a). Plaintiffs effectively conceded the issue by failing to address it in their opposition brief. Consequently, plaintiffs Luke Adelman, Elizabeth Anderson, Ellesse Anderson, Sherri Bradley, Amanda Brekke, Jacqueline Foster, Omar Garland, Hannah Rothschild, Jordone Shane-Sanchez, and Kevin Steinbeck may not maintain a PAGA claim.

**IT IS SO ORDERED.**

Dated: March 21, 2022

JAMES DONATO
United States District Judge