UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH ANDERSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | Case No. 3:20-cv-01178-JD<br><br>**ORDER RE PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

The Court denied the parties' prior application for preliminary approval of this class action case, with leave to try again. Dkt. No. 135. The parties filed a revised application that addressed the Court's concerns. Consequently, preliminary approval is granted on the ensuing terms. This order is based on a draft lodged by the parties and modified pursuant to the Court's conclusions and practices. The parties should read the entire Order for changes, particularly with respect to the notice plan in Paragraph 4, and schedule in Paragraph 6.

1. All defined terms have the same meanings stated in the Joint Stipulation of Class Action and PAGA Settlement and Release executed by the Settling Parties and filed with this Court (the "Stipulation").

2. The Court conditionally finds that, for purposes of preliminary approval only, the proposed Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the Members of the proposed Class are ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among Members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims of the Class Representatives are typical of the claims of the members of the proposed Class; (d) the Class Representatives have

1  fairly and adequately protected, and will fairly and adequately protect, the interests of the Members
2  of the Class; (e) a class action is superior to other available methods for an efficient adjudication
3  of this controversy; and (f) Class Counsel are qualified to serve as counsel for the Class
4  Representatives in their own capacity as well as her representative capacity and for the Class.

5      3.    The Joint Stipulation of Class Action and PAGA Settlement and Release is
6  incorporated by reference and made a part of this Order except as may be modified.  The proposed
7  settlement terms are within the range of reasonableness in similar cases, and the proposed payments
8  to the Class Members are fair and reasonable when balanced against the uncertain outcome of
9  further litigation relating to liability and damages issues and potential appeals of rulings and meet
10 the requirements for preliminary approval.

11     4.    The plan for providing notice to the proposed Class of the terms of the settlement
12 and the right to opt out are reasonable.  All Class Members will get notice by (1) personal email to
13 the fullest extent possible, and (2) Starbucks work email to the fullest extent possible, even if this
14 results in two or more emails being sent to a Member via different addresses.  Notice may be
15 provided by regular mail at a Last Known Address only if neither personal nor Starbucks work
16 email is feasible.  The proposed Notice, which is attached to the Stipulation as Exhibit A and
17 incorporated herein by reference, is made a part of this Order.  The proposed Notice fairly and
18 adequately advises the Class of the terms of the proposed settlement and the benefits available to
19 the Class, as well as their right to opt out and/or object, and the procedures for doing so.  The
20 proposed Notice and mailing procedures comply with all Constitutional requirements, including
21 those of due process.

22     5.    Simpluris, Inc., is appointed as Class Settlement Administrator for notice purposes
23 and processing of claims.

24     6.    The settlement administration and final approval will proceed as follows:

| | |
|---|---|
| Funding of Global Settlement Amount by Defendant. | January 12, 2024 |
| Class List to Settlement Administrator from Defendant. | January 20, 2024 |

| | |
|---|---|
| Notice to class. | February 19, 2024 |
| Deadline for Class Counsel to file motion for attorney's fees and costs. | March 4, 2024 |
| Deadline for class members to opt-out or object. | May 4, 2024 |
| Defective submission deadline. | May 19, 2024 |
| Settlement Administrator report. | June 3, 2024 |
| Deadline for Class Counsel to file motion for final approval. | June 17, 2024 |
| Final Approval hearing. | July 25, 2024 |
| Effective Date. | August 26, 2024 |
| Distribution date. | August 31, 2024 |
| Settlement Check Stale Date | January 31, 2025 |
| Certification of completion by Settlement Administrator. | February 7, 2025 |
| Filing of final accounting pursuant to the District's class action settlement guidelines. | February 21, 2025 |

7. Plaintiffs Luke Adelman, Elizabeth Anderson, Ellesse Anderson, Jeffrey Bellows, Katherine Butler, Cheyenne Chitry, Christina Denton, Jacqueline Foster, James Hancock, Donnie Hyso, Casey McKay, Hannah Rothschild, Cassandra Sweeney and Michael Whiter, are approved as Class Representatives.

8. Edward J. Wynne, Wynne Law Firm, Gregg I. Shavitz, Shavitz Law Group, P.A., and Michael D. Singer, Cohelan, Khoury & Singer, are appointed Class Counsel.

9. Written objections by Settlement Class Members to the proposed settlement will be considered if received by the Claims Administrator and Class Counsel on or before the Notice Response Deadline.

3

10. At the Final Approval Hearing, Settlement Class Members may be heard orally in support of or in opposition to the settlement.

11. Class Counsel and counsel for Defendant Starbucks should be prepared at the Final Approval Hearing to respond to objections filed by Settlement Class Members, if any, and to provide other information as appropriate, bearing on whether or not the settlement should be approved.

12. At the Final Approval Hearing, the Court will consider any motions or applications for attorney fees, costs, and litigation expenses. Any fees award will be subject to a 25% hold-back pending filing of a final accounting by February 21, 2025.

13. In the event that the Effective Date occurs, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Stipulation shall be deemed null and void and shall have no effect whatsoever.

14. Pending further order of the Court, all proceedings in this matter except those contemplated herein and in the Stipulation are vacated.

15. The Court may adjourn or continue the Final Approval Hearing without further notice to the Class.

**IT IS SO ORDERED.**

Dated: January 2, 2024

JAMES DONATO
United States District Judge